**In re Robert S. HOBDAY, aka Bob Hobday, aka Robert Scott Hobday and Monica C. Hobday, aka Monica Hobday, aka Cindy Hobday, Debtors.**

**Bankruptcy No. 580–421.**

United States Bankruptcy Court, N. D. Ohio.

June 11, 1980.

---

Michael Moran, Munroe Falls, Ohio, for debtors.

Jerome Holub, Akron, Ohio, Chapter 13 standing trustee.

Frank E. Steel, Jr., Akron, Ohio, for Beneficial Finance Co., creditor.

## FINDING AS TO OBJECTIONS TO CONFIRMATION

H. F. WHITE, Bankruptcy Judge.

A joint petition and plan under chapter 13 of the Bankruptcy Code were filed by Robert S. Hobday and Monica C. Hobday, husband and wife, on April 2, 1980.

Objections to the confirmation of the proposed plan of the above-named debtors were filed by the chapter 13 standing trustee, Jerome Holub, and by Beneficial Finance Company, an unsecured creditor. The objections to confirmation submit that the plan cannot be confirmed since the plan is not proposed in good faith.

## FINDING OF FACT

The court finds that the debtors have an excess monthly income over monthly expenses of $67.20 and propose to pay $32.72 monthly for 36 months under their plan.

The court further finds that payments under the plan are to be made to: the City of Cuyahoga Falls for municipal income tax; Cardinal Federal Savings and Loan, holder of a mortgage on the debtors' residence, for arrearages on said mortgage loan; and Fair Finance, a creditor holding the debtor's 1973 Pontiac stationwagon as security for its loan.

The court further finds that the unsecured creditors are to receive no payments under the plan.

## ISSUE

Does a chapter 13 plan, which proposes that no payment be made under the plan to unsecured creditors, meet the requirement for confirmation of a plan under 11 U.S.C. § 1325(a)(3) that "the plan has been proposed in good faith  .  .  ."?

## LAW

█ The primary and paramount rule in the interpretation or construction of statutes is to ascertain, declare, and give effect to the intention of the legislature. *United States v. Brandt*, 139 F.Supp. 362 at 364 (N.D.Ohio 1955). The court, in construing a statute, may properly look to the objects and purposes sought to be accomplished by the legislature. The entire enactment should be considered in determining its spirit and meaning, and the intent must be gathered from the entire statute. A construction of a particular statute what would destroy the consistency of the entire enactment is to be avoided.

The court has examined the legislative history to determine the objects and policy behind the enactment of chapter 13 of the Bankruptcy Code. Several sections of chapter 13 and chapter 7 will be discussed to determine what construction of 11 U.S.C. § 1325(a)(3) "good faith" requirement will be consistent and in harmony with these sections.

The report of the Commission on the Bankruptcy Laws of the United States and the reports of the Committees on the Judiciary of the House of Representatives and the Senate state the intent of Congress in enacting chapter 13 of the Bankruptcy Code. The Commission on the Bankruptcy Laws of the United States was created by Congress in 1970 to study and recommend changes in the Bankruptcy Laws. In its final report to Congress, the Commission stated that: "the majority of debtors desire some means of paying their debts in preference to incurring the stigma and other consequences of bankruptcy." Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc.No.93–137, 93d Cong. 1st Sess. Pt. I, 157 (1973).

The purpose of chapter 13 was described by the House of Representatives to be; "to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period" and by the Senate to be; "to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor." H.R.Rep.No.595, 95th Cong. 1st Sess. 118 (1977) U.S.Code Cong. & Admin.News 1978, p. 6079 and S.Rep.No.989, 95th Cong. 2d Sess. 141 (1978) U.S.Code Cong. & Admin.News 1978, p. 5927, respectively.

The policy behind the enactment of chapter 13 of the Bankruptcy Code was to ". . . encourage[ ] more debtors to repay their debts over an extended period rather than to opt for straight bankruptcy liquidation and discharge" and to ". . . permit almost any individual with regular income to propose and have [accepted] a reasonable plan for debt repayment based on that individual's exact circumstances." H.R.Rep.No.595, 95th Cong. 1st Sess. 5 (1977) U.S.Code Cong. & Admin.News 1978, p. 5966 and S.Rep.No.989, 5th Cong. 2d Sess. 13 (1978) U.S.Code Cong. & Admin.News 1978, p. 5799, respectively.

From the legislative history, it can be seen that Congress designed chapter 13 for the repayment of unsecured debts and differentiated chapter 13 from chapter 7 liquidation.

Several sections of chapter 13 and chapter 7 need to be examined in interpreting the good faith requirement of 11 U.S.C. § 1325(a)(3) as it is presumed that Congress intended the sections of the Bankruptcy Code to be consistent and harmonious.

To be eligible for relief under chapter 13 the debtor must be an individual with regular income. 11 U.S.C. § 109(e). "Individual with regular income" is defined as an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13. 11 U.S.C. § 101(24).

Before the court can confirm a chapter 13 plan, the court must find that "the debtor will be able to make all payments under the plan." 11 U.S.C. § 1325(a)(6). Payments under the plan may be made from property of the estate or property of the debtor. 11 U.S.C. § 1322(b)(8). 11 U.S.C. § 1322(b)(8) is a new provision and permits the debtor to pay claims with exempt property as well as with future income, which was the only source of payment under Chapter XIII of the Bankruptcy Act.

The sections of the Bankruptcy Code discussed above all deal with the debtor being able to make payments out of future income or with exempt property, under a chapter 13 plan. The ability to repay debts is central to who may be a debtor under chapter 13 and as to who may have a chapter 13 plan confirmed.

As to the repayment of unsecured claims, 11 U.S.C. § 1325(a)(4) provides that the court may confirm a plan if:

the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

This provision is referred to as the "best interest of creditors" test. When all of the debtor's assets are exempt, this requirement would in theory be met by a plan proposing no payment to unsecured credi-

tors. Such a plan, however, would not give effect to the intent of Congress in enacting chapter 13. (11 U.S.C. § 1322)

Under sections 651 and 652 of the Bankruptcy Act, a debtor was required to have his proposed chapter XIII plan accepted by a majority of his unsecured creditors before the court could confirm the XIII plan. The House of Representatives in discussing the need for a new chapter 13 criticized former chapter XIII as being "overly stringent" and "discourag[ing] overextended debtors from attempting to arrange a repayment plan under which all creditors are repaid most, if not all, of their claims over an extended period." H.R.Rep.No.595, 95th Cong., 1st Sess. 117 (1977) U.S.Code Cong. & Admin.News 1978, p. 6077. The House further stated that:

> Under present law, the consent requirement often prevents a debtor from making a legitimate offer of less than full payment, for fear that the offer will not obtain the requisite consents. Instead, the debtor, unable to pay his debts in full within a reasonable period, will opt for liquidation. The bill requires only that creditors receive under the plan *more* than they would if the debtor went into straight bankruptcy. (emphasis added) Id. at 123–24, U.S.Code Cong. & Admin. News 1978, at 6084–6085

By enacting 11 U.S.C. § 1325(a)(4) Congress intended to increase the availability of chapter 13 relief to debtors. Congress also intended to increase the repayment received by unsecured creditors as under chapter XIII of the Bankruptcy Act if the debtor did not propose full payment or near to full payment, the unsecured creditors would not accept the plan and the debtor would turn to chapter VII liquidation where the unsecured creditors would receive nothing.

Upon the debtor's completion of all payments under the chapter 13 plan, the court is to grant the debtor a discharge of all debts provided for by the plan except certain long-term obligations and alimony, maintenance, or support debts. 11 U.S.C. § 1328(a). The discharge under chapter 13

is broader than the discharge under chapter 7 as 11 U.S.C. § 523 excepts nine types of debts from a chapter 7 discharge. There are also grounds for objecting to a discharge under chapter 7, 11 U.S.C. § 727, but chapter 13 contains no provision for objections to discharge once the debtor has completed payments under the plan.

A debtor under chapter 7 may not obtain a discharge if the debtor had previously been granted a discharge in a chapter 13 case, commenced within six years before the date the debtor filed his petition under chapter 7, unless payments under the plan in the previous chapter 13 case totaled at least 100 percent of the allowed unsecured claims or 70 percent of such claims and the plan was proposed by the debtor in good faith, and was the debtor's best effort. 11 U.S.C. § 727(a)(9). Although the six-year bar on discharge does not apply to repetitive discharges under chapter 13, incentive for high repayment plans under chapter 13 is provided by 11 U.S.C. § 727(a)(9) limitation on availability of subsequent discharge under chapter 7 in case of repetitive financial crisis. In discussing the percentage of repayment under chapter 13 plans, the Senate stated:

> As in current law, 100 percent payment plans will be encouraged by the limitation on availability of a subsequent discharge in section 727(a)(8). This kind of plan has provided great self-satisfaction and pride to those debtors who complete them and at the same time effect a maximum return to creditors . . . It is also necessary to prevent chapter 13 plans from turning into mere offers of composition plans under which payments would equal only the non-exempt assets of the debtor. S.Rep.No.989, 95th Cong., 2d Sess. 13 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5799.

To permit a debtor who files a chapter 13 plan proposing no payment to unsecured creditors to obtain a discharge and then file a second chapter 13 case and obtain a discharge within six years from the commencement of the first chapter 13 case appears to be inconsistent with section 727(a)(9).

■ From an examination of the legislative history behind the enactment of the Bankruptcy Code and from an examination of several sections of chapter 13 and chapter 7 of the Bankruptcy Code, this court concludes that chapter 13 was devised principally as a vehicle for the repayment of unsecured debts.

A chapter 13 plan which proposes no payments to unsecured creditors abuses the provisions, purpose, and spirit of chapter 13. A chapter 13 plan which abuses the provisions, purpose, and spirit of chapter 13 is not "proposed in good faith" 11 U.S.C. § 1325(a)(3) and is not in the best interest of the unsecured creditors 11 U.S.C. § 1325(a)(4).

## CONCLUSION

Therefore, it is the conclusion of the court that a chapter 13 plan which proposes that no payment be made under the plan to unsecured creditors does not meet the requirement for confirmation of a plan under 11 U.S.C. § 1325(a)(3) that "the plan has been proposed in good faith  .  .  ." The objections to the confirmation of the debtors' chapter 13 plan should be sustained.