In the Matter of David Loren
HURD, Debtor.

Bankruptcy No. 80–10689.

United States Bankruptcy Court,
N. D. Indiana,
Fort Wayne Division.

Oct. 9, 1980.

Charles C. Rhetts, Jr., Garrett, Ind., for debtor, David Loren Hurd.

William J. Brutton, Fort Wayne, Ind., for trustee.

## ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

Before the Court is the Chapter 13 Plan filed by debtor, David Loren Hurd. Filed on August 25, 1980, along with his petition for an order of relief, Hurd's plan proposes that no payments to creditors be made. In determining whether or not to confirm the debtor's plan, this Court must examine the facts of this particular case against the mandates of the Bankruptcy Code Section 1325 [1] which provides that:

"(a) The Court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan."

As a plasterer, the debtor's monthly salary is $600.00, with a gross income for the preceding year of $3,300.00. Although the debtor has listed his property as only his personal clothing and $300.00 cash, he claims both as exempt. The question before the Court is whether this Chapter 13 plan which proposes no payments to creditors fulfills the good faith requirement of Section 1325(a)(3). In answering this question the Court must examine the purposes and intendments of Chapter 13.

Chapter 13 of the Bankruptcy Code presents a distinct alternative to the liquidation process of Chapter 7. The House of Representatives has described the purpose of Chapter 13 as being "to enable an indi-

1. 11 U.S.C. § 1325.

vidual, under court supervision and protection, to develop and perform under a plan for repayment of his debts over an extended period."[2] The policy behind these provisions was to "... encourage[s] more debtors to repay their debts over an extended period rather than to opt for straight bankruptcy liquidation and discharge."[3] The benefits to the debtor for repayment of debts via a Chapter 13 plan include the more liberal discharge provisions,[4] the ability of the debtor to retain his possessions,[5] and avoidance of the stigma attached to straight bankruptcy proceedings.[6]

The legislative intent that repayment will occur in Chapter 13 cases is reflected in various provisions of the Code. First, in order to be a debtor under Chapter 13, one must be an individual with a regular income.[7] An individual with regular income means one whose income is sufficiently stable and regular to enable payments to be made under Chapter 13.[8] Implicit in the regular income requirement is that payment of one's debts will be made: "Chapter 13 is designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor."[9] Repayment clearly is anticipated to be forthcoming from the regular income.

Section 1325(a)(6) also contemplates that some payments will be made. Since the Court is to approve a plan if "the debtor will be able to make all payments under the plan,"[10] it appears reasonable to conclude that if payments cannot be made, a plan cannot be confirmed.

Confirmation of a no–payment Chapter 13 plan would undermine Chapter 7 proceedings and would contravene the express intent of the legislature. As such, a no–payment plan abuses the provisions, purpose and the spirit of Chapter 13.[11] Although the Court has carefully considered the debtor's unfortunate circumstances, no effort has been made to repay any creditors. In lieu of an amendment to the debtor's plan, a Chapter 7 liquidation might be a more appropriate avenue. Although the term "good faith" has not been explicitly defined with reference to Chapter 13, a plan abusing the provisions, purpose and spirit of Chapter 13 is not proposed in good faith and therefore cannot be confirmed by this Court.[12] Confirmation of the debtor's plan is hereby denied.

SO ORDERED.

**2.** H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6079.

**3.** *Supra*, 5.

**4.** 11 U.S.C. § 1328.

**5.** H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), U.S.Code Cong. & Admin.News 1978, p. 6079.

**6.** *Supra*.

**7.** 11 U.S.C. § 109(e).

**8.** 11 U.S.C. § 101(24).

**9.** S.Rep. No. 989, 95th Cong., 2nd Sess. 141 (1978), U.S.Code Cong. & Admin.News 1978, p. 5927.

**10.** 11 U.S.C. § 1325(a)(6).

**11.** *In re Hobday*, 4 B.R. 417, 6 B.C.D. 469 (Bkrtcy., N.D.Ohio 1980).

**12.** *Accord, In re Iacovoni*, 2 B.R. 256 (Bkrtcy., D.Utah, C.D.1980); *In re Montano*, 4 B.R. 535, 6 B.C.D. 487 (D.C.1980); *In re Murallo*, 4 B.R. 666, 6 B.C.D. 478 (Bkrtcy., Conn.1980).