**In re Harry R. NANTZ, Debtor (Two Cases).**

**Harry R. NANTZ, Plaintiff,**

**v.**

**CENTERRE BANK OF PACIFIC and City of Pacific, Defendants.**

Bankruptcy No. 87–00356–BKC–JJB.

Adv. No. 87–0095–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri E.D.

July 7, 1987.

Wendi S. Alper, St. Louis, Mo., for debtor.

E.A. Stierberger, Union, Mo., for City of Pacific.

Donald B. Kramer, St. Louis, Mo., for Centerre Bank of Pacific.

Eileen Voss, St. Louis, Mo., trustee.

## MEMORANDUM/ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matters being considered here are the Debtor's request to confirm his First Amended Chapter 13 Plan, and the Debtor's First Amended Application for a preliminary injunction/temporary restraining order which is being prosecuted in Adversary Proceeding No. 87–0095.

The Debtor orally amended the First Amended Chapter 13 Plan at the confirmation hearing on July 2, 1987. In summary, the plan proposes to pay the Trustee $30.00 per month for 36 months. After disburse-ments for priority and administrative expenses, the Trustee is to pay all allowed unsecured claims in full. The two secured creditors listed in the Debtor's Chapter 13 Statement are to be paid as follows:

Commerce Bank holds a first deed of trust on the Debtor's principal residence. Payments are current and will continue to be made directly to the creditor by the Debtor outside the plan;

Centerre Bank holds a first deed of trust on a parcel of non-residential real property. The underlying note has a balance due of approximately $20,174.00. The Debtor believes that the real property has a value of at least $288,000.00. This property would be sold by the Debtor not later than January 1, 1988 and the proceeds paid through the Trustee to Centerre Bank. If the property is not sold by January 1, 1988, the Debtor would consent to Centerre's request for relief from the automatic stay. Centerre had filed an objection to the Debtor's original plan, but did not appear at the continued confirmation hearing;

Centerre Bank also holds a note in the amount of $28,000.00 which is disputed by the Debtor. The Debtor also disputes the Bank's allegation that the note is secured "by a Second Deed of Trust on Nantz's residence, a Second Deed of Trust on the real estate described in Exhibit No. 1, a First Deed of Trust in a parcel of real estate described in Exhibit No. 2, and a Second Deed of trust in the real estate described in Exhibit No. 2." *Debtor's First Amended Plan,* July 2, 1987, page 2, Class IV. If the Debtor's non-residential property is sold, this note will be paid in full notwithstanding the Debtor's challenges to the validity of the note and deeds of trust. No payments would be made to Centerre until and unless the property is sold.

The sale of the Debtor's property is crucial to the Chapter 13 case. If a sale produces sufficient monies, all creditors will be paid in full before the end of the plan period. If the property is not sold by January 1, 1988, it is clear that both the Debtor and the Chapter 13 Trustee will be involved in protracted legal proceedings. Chapter 13 is intended to be a vehicle for an individual with regular and stable in-

come to repay his or her creditors. 11 U.S.C. § 109(e) and § 101(29). Absent a sale of the Debtor's property or a judgment denying the $28,000.00 claim on behalf of Centerre Bank, the Debtor's plan will not pay out as proposed and is not feasible. Upon consideration of the record as a whole, the Court finds and concludes that there is not a reasonable possibility that the Debtor's property will be sold prior to January 1, 1988, or that a final judgment will be entered upon the Debtor's dispute with the Centerre Bank prior to the conclusion of payments under the plan.

These findings and conclusions in this Memorandum Order are based in part upon the separate litigation which is suggested by the pleadings in the Debtor's adversary proceeding. The real property which the Debtor hopes to sell is part of a larger parcel which was being rezoned from Manufacturing M–1 to Commercial C–1 by the City of Pacific. The Board of Aldermen for the City of Pacific had agreed to delay a final reading of the rezoning ordinance pending a hearing on the Debtor's first application for injunctive relief filed in the Bankruptcy Court on May 4, 1987. In the superseding adversary proceeding, the City of Pacific has generally denied the Debtor's allegations that the Planning Commission contains any members who are officers or directors of the Centerre Bank of Pacific. Although the Debtor contends that the rezoning will reduce the value of his land, he has not presented a legal or equitable basis which would bar the city of Pacific from passing the enabling ordinance. Furthermore, the Court finds and concludes that the Debtor is not without adequate, more appropriate remedies in a non-bankruptcy forum, whether in the ordinance-passing process or by means of an action in a State court. In either eventuality, the Debtor's challenges to the rezoning and to the Centerre lien are likely to produce an effect which is adverse to a reasonably prompt sale of the real property.[1]

Therefore, continuation of this adversary proceeding in the Bankruptcy Court is not in the best interests of this estate. It is also in the interest of justice and with a respect for State law that the Bankruptcy Court abstain from further proceedings in the matter of the Debtor's request for injunctive relief against the City of Pacific. Therefore,

IT IS ORDERED that the hearing in the adversary proceeding is concluded; and that the Debtor's application for a preliminary injunction/temporary restraining order is denied; and that pursuant to 28 U.S.C. § 1334 and Rule 29 of the United States District Court Rules, the Bankruptcy Court will abstain from any further proceedings in the adversary proceeding based upon said application; and

That the Debtor's First Amended Chapter 13 Plan, as further amended on July 2, 1987 is not confirmed as not being feasible; and

That the Debtor's oral request for relief from the stay to permit an unspecified action in a non-bankruptcy proceeding is denied without prejudice to presentation of a written motion which will be given expedited consideration by the Court on an *ex parte* basis if necessary.

---

1. The Debtor has stated that the property is now listed for sale with a price of $200,000.00.