**In re John Robert STONE and Betty Ann Stone, Debtors.**

**Bankruptcy No. 92–81187.**

United States Bankruptcy Court, C.D. Illinois.

Sept. 15, 1992.

Richard W. Zuckerman, Peoria, Ill., for debtors.

Michael D. Clark, Peoria, Ill., Trustee.

OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The matter before the Court is the confirmation of the Chapter 13 plan of the Debtors, John and Betty Stone. Although no creditors objected to confirmation and it was recommended by the Chapter 13 Trustee, this Court took the matter under advisement because of its reluctance to confirm a single payment plan which would result in approximately a 4% distribution to unsecured creditors.

The Debtors had filed a Chapter 7 case and received a discharge in 1988. Ineligible to file under that Chapter again, the Debtors filed a Chapter 13 petition. According to the brief filed by the Debtors, they are separated and in the process of obtaining a dissolution of their marriage. They filed a plan, proposing to turnover to the Chapter 13 Trustee an income tax refund for 1991 in the amount of $1,100.00, but making no other payments to the

Trustee. Under the plan, the Debtors also propose to return collateral to the secured creditors. On their schedules, the Debtors listed unsecured creditors holding claims in excess of $20,000.00. The budgets filed by the Debtors show no excess income available to fund a plan.[1]

▆▆▆ The Debtors contend that their plan is filed in good faith and, relying on *Matter of Aalto*, 8 B.R. 157 (Bkrtcy. M.D.Fla.1981), maintain that the Bankruptcy Code does not prohibit lump sum payment plans under Chapter 13. This Court agrees with the court's comments in *Aalto*, but finds that confirmation of the Debtors' plan must be denied under the standards set forth therein:

[O]ne should not have any difficulty in finding lack of "good faith" if the payment offered by the debtor under the plan is obviously a mere token and does not represent a meaningful economic benefit to creditors. For example, there is certainly no sincere effort to treat creditors fairly in cases where the payment proposed by the debtor amounts to nothing more than a disguised liquidation Chapter 7 case filed only for the sole purpose of taking advantage of the more liberal and broadened discharge provisions available to debtors under Chapter 13....

The absence of "good faith" in some situations is even more obvious when the payment offered is not only minimal and token, but is also only a single payment....

Not unlike one of the plans denied confirmation in *Aalto*, this Court finds that the Debtors' plan here is "nothing more than an attempt to camouflage a Chapter 7 liquidation case under the wrapping of a Chapter 13 clothing." 8 B.R. at 162. The Debtors are ineligible to file another Chapter 7 case because of their previous filing and they cannot achieve the same result by filing a single, minimal payment Chapter 13 case.

▆▆ Chapter 13 is intended to be a means by which an individual with regular and stable income can repay his or her creditors. *In re Nantz*, 75 B.R. 617 (Bkrtcy.E.D.Mo.1987). While this Court will not take the position that a plan which does not propose regular, continuing payments cannot pass muster, a one, two, or three payment plan which does not result in significant payments to creditors is not acceptable and runs afoul of the purposes of Chapter 13:

The legislative intent that repayment will occur in Chapter 13 cases is reflected in various provisions of the Code. First, in order to be a debtor under Chapter 13, one must be an individual with a regular income. [11 U.S.C. section 109(e)] An individual with regular income means one whose income is sufficiently stable and regular to enable payments to be made under Chapter 13. [11 U.S.C. section 101(24)] Implicit in the regular income requirement is that payment of one's debts will be made: "Chapter 13 is designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor." Repayment clearly is anticipated to be forthcoming from the regular income.

Section 1325(a)(6) also contemplates that some payments will be made. Since the Court is to approve a plan if "the debtor will be able to make all payments under the plan," it appears reasonable to conclude that if payments cannot be made, a plan cannot be confirmed.

*Matter of Hurd*, 6 B.R. 329 (Bkrtcy. N.D.Ind.1980). The Debtors' plan as proposed cannot be confirmed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in the Opinion entered this day;

---

**1.** In so noting, this Court does not express any opinion as to the reasonableness of the Debtors' budgets.

IT IS, THEREFORE, ORDERED that confirmation of the Debtors' plan is hereby DENIED and the DEBTORS are hereby given twenty-one (21) days to propose an amended plan.

