**In re Anna SADLER, Debtor.**

**Bankruptcy No. LR 80 50 B.**

United States Bankruptcy Court,
E. D. Arkansas, W. D.

April 9, 1980.

R. David Lewis, Little Rock, Ark., for debtor.

Dennis L. James, Little Rock, Ark., for Sears.

A. L. Tenney, Little Rock, Ark., trustee.

## MEMORANDUM OVERRULING OBJECTION TO CONFIRMATION OF PLAN

CHARLES W. BAKER, Bankruptcy Judge.

Sears, Roebuck and Co. (hereinafter called Sears) has objected to the debtor's Chapter 13 Plan on the grounds that the Plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3) because the Plan proposes no payment to unsecured creditors.

The written record is somewhat deficient in this case because the written objection of Sears is general in terms, however, at the hearing on the objection, the attorney for Sears specified that the lack of good faith was the basis for the objection. Although given 15 days to file a brief, none has been filed, and the attorney for Sears has advised, by letter, that none will be filed.

Debtor's petition was included by reference and there is no dispute about the facts as set forth therein. Debtor's Plan provides for paying Ford Motor Credit Company in full at its regular contract payment rate on its debt secured by a 1978 Pinto Wagon, costs of administration and nothing to the unsecured creditors. Sears is an unsecured creditor and the total unsecured debt is listed at $4,945.84. If the debtor's estate were liquidated under Chapter 7, unsecured creditors would receive nothing.

11 U.S.C. § 1325(a) provides that the Court *shall* confirm the debtor's plan if the conditions set forth therein are found to exist. All of the specific conditions do exist. However, Sears contends that the generalized condition of "good faith" does not exist. The given reason for its absence is lack of any payment to unsecured creditors.

"Good faith" is not defined in the Bankruptcy Code. Neither is there any legislative history concerning its meaning, to which this Court has been cited or that this Court has been able to find.

This Court is aware that other Bankruptcy Courts have used the "good faith" requirement to require payments of some amount to unsecured creditors and that some Courts have even set fixed percentages for unsecured creditors before they will find good faith and confirm. This Court is of the opinion that "good faith" must be referring to something other than the amount of payments to unsecured, because 11 U.S.C. § 1325(a)(4) specifically sets

forth the amount which, if paid to unsecured, mandates confirmation. To require more than what Congress has said is enough is usurpation of legislative powers.

If Congress had intended that some minimum payment, other than what is required by 11 U.S.C. § 1325(a)(4), must be made to unsecured creditors, it could have done so quite easily. Congress did not say that unsecured creditors must be paid at least $1.00 or $10.00 or 1% or 5% or 70% before a plan can be confirmed. Congress said unsecured creditors must be paid ". . . not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 . . .". 11 U.S.C. § 1325(a)(4). That provision of the Code is the polestar for what is required to be paid to unsecured creditors. It would be outrageously presumptive for a Court to move that Congressional polestar about the landscape in the name of "good faith". Such judicial maneuvering constitutes appropriation of legislative power.

The good faith provision of 11 U.S.C. § 1325(a)(3) does not require any payment to all or any unsecured creditor in excess of the minimum amounts required by 11 U.S.C. § 1325(a)(4).

An Order overruling the objection of Sears and confirming the debtor's Plan is entered contemporaneously herewith.