In re Thomas John TANKE and Virginia Rae Tanke, Debtors.

Bankruptcy No. 80 B 00348 K.

United States Bankruptcy Court, D. Colorado.

May 27, 1980.

Nicholas J. Bourg, Colorado Springs, Colo., for debtors.

R. Allen Glover, Pueblo, Colo., for creditor Pueblo Government Agencies Federal Credit Union.

## MEMORANDUM AND ORDER DENYING CONFIRMATION

GLEN E. KELLER, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing upon the Debtors' plan under Chapter 13 of Title 11, United States Code. The creditor, Pueblo Government Agencies Federal Credit Union, had earlier filed a written objection to confirmation of the plan pursuant to 11 U.S.C. § 1324 and Bankruptcy Rule 13–213(a) which asserted that the Debtors' plan was not proposed in good faith under 11 U.S.C. § 1325(a)(3).

The evidence disclosed that the Debtor Thomas Tanke contacted the credit union in June, 1979, seeking financing of a 1978 Stidham 4-horse trailer which he contemplated purchasing from an individual named Trevor Chapman. The Tankes at the time had an outstanding car loan with the credit union. The creditor advanced $4,200.00 in the form of a check payable to the Tankes and Mr. Chapman, which was subsequently endorsed by Chapman and deposited in the Tankes' personal checking account. It was the understanding of the parties that when Tanke received title to the horse trailer, he would present title documents to the credit union so that it could perfect a security interest by noting its lien on the certificate. (1973 C.R.S. § 42–6–101, et seq.) Tanke has never presented the title to the credit union. After numerous requests for title documents, Mr. Tanke attempted to appease the credit union by giving them a copy of a letter he allegedly wrote to "T. Chapman, P. O. Box 717, Evergreen, Co.," requesting that he forward the title. Mr. Tanke frequently explained the difficulty of dealing at such a distance. The credit union learned on subsequent investigation that P.O. Box 717 in Evergreen did not and never had belonged to a Trevor Chapman but was assigned to a newspaper distributor. No "Trevor Chapman" could be located in or near Evergreen. Strangely, however, the credit union learned that there was a Trevor Chapman at Mr. Tanke's place of employment in Pueblo, but that individual denied ever having any involvement with a 1978 Stidham 4-horse trailer. Such a trailer was not scheduled in the Debtors' Chapter 13 statement filed with this Court on January 31, 1980.

This Court concludes, as did the credit union, that neither Trevor Chapman nor the 4-horse trailer ever existed. The Tankes concocted the ruse to extract funds from the credit union, knowing that it would not have willingly lent them money on that basis. This was a continuum of misrepresentation and artifice, the lynchpin of which is this Chapter 13 plan, which would pay one dollar to the credit union on account of its unsecured claim. The issue before the Court is whether under these facts, the plan is proposed in "good faith."

This Court has earlier held that "good faith is lacking only in those unusual cases in which there has been an abuse of the provisions, purposes, or spirit of Chapter 13." See *In re Cloutier* (D.Colo., 1980). This is one of those unusual cases. The fraudulent behavior of the Debtors all occurred within seven months of the filing of the petition. Chapter 13 was not intended to be the final conclusion in a long, fraudulent scheme.

The Debtors have a substantial gross income and in their budget show $901.65 of disposable monthly income in excess of their living expenses. Yet their plan proposes to pay only $160.00 per month to creditors and $1.00 per unsecured claim. This case couples recent egregious fraud with no good-faith effort to repay the victim. To confirm this plan would, in effect, make the bankruptcy court the Debtors' instrument for perpetrating a fraud. It would encourage other debtors to engage in similar duplicitous behavior. Most importantly, it would ignore the plain meaning of the statute requiring that a plan be proposed in good faith.

The Court need not and does not decide that all Chapter 13 plans lack good faith if they propose to pay nominal amounts on claims which would be nondischargeable in Chapter 7. The recent case *In re Keckler,* 3 B.R. 155 (N.D.Ohio, 1980), involved the confirmability of a Chapter 13 plan in which the debtor proposed to pay 5 percent of the allowed amount of unsecured claims. She had embezzled $9,363.15 from her former employer and had been sent to prison as a result. Upon release, her employment alternatives were limited, and she attended school while earning $215.00 per month doing part-time clerking for her father. She proposed to pay $15.00 per month for three years and to commit her income tax refunds for such years to the plan. Under the circumstances, it was held that her plan was proposed in good faith. The facts there were clearly distinguishable from the instant case. This plan was palpably not proposed in good faith and clearly abuses the provisions, purposes, and spirit of Chapter 13. Now, therefore, it is

ORDERED that confirmation of the plan herein be and it is hereby denied.

FURTHER ORDERED that a hearing shall be held on June 9, 1980, at the hour of 8:30 a. m., in Courtroom B, United States Bankruptcy Court, 400 Columbine Building, 1845 Sherman Street, Denver, Colorado, to determine whether this proceeding should be dismissed or the case converted pursuant to 11 U.S.C. § 1307.