In the Matter of Paul Charles
CENTINEO and Marjorie
Isabel Centineo, Debtors.

Bankruptcy No. BK79–1340.

United States Bankruptcy Court,
D. Neb.

June 16, 1980.

Steven C. Turner, of Marer, Venteicher, Strasheim & Laughlin, P. C., Omaha, Neb., for debtors.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

Debtors filed their petition under Chapter 13 of the Bankruptcy Reform Act of 1978. The Chapter 13 Trustee filed an objection to the plan based on a number of grounds.

Initially, the trustee objects to the plan because it provides for no payments to unsecured creditors. The basis for the objection is that the plan is not filed in "good faith". The trustee's objection on this point has previously been overruled in this district in *In Re Harland, II*, 3 B.R. 597, 6 B.C.D. 235 (D.Neb.1980).

■ The second objection by the trustee is that the debtors propose to pay secured creditors directly and not through the trustee. However, Section 1326(b) provides:

"Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan."

I gather from the foregoing provision that Congress left open to the debtor the option to make payments to the trustee for distribution to creditors or to make payments directly to creditors. This portion of the trustee's objection is also overruled.

■ The trustee further objects that if payments are made directly to creditors, the trustee will be required to perform his statutory duties but will receive no compensation or expenses. In this regard, I note Section 1326(a) which provides:

"Before or at the time of each payment to creditors under the plan, there shall be paid—

\*     \*     \*     \*     \*     \*

(2) if a standing trustee appointed under section 1302(d) of this title is serving in the case, the percentage fee fixed for such standing trustee under section 1302(e) of this title."

Here the statute clearly speaks of payments to creditors "under" the plan. While it is true that "under" the plan, the debtor may make payments either to the trustee or directly to creditors, the language of this statutory provision provides for a fee to be paid to the standing trustee in either case. The result is that whichever method of payment to creditors is chosen, the trustee will receive his percentage fee.

Lastly, the trustee objects to the plan because it fails to provide for payment in full of all priority claims. However, the

debtors have filed an amended plan which does provide for payment of all priority claims. Accordingly, the trustee's objection is rendered moot.