**In re John D. STOLLENWERCK, Jr. and Susan C. Stollenwerck, Debtors.**

**Bankruptcy No. 80–00740.**

United States Bankruptcy Court,
M. D. Alabama.

Aug. 12, 1980.

Rick A. Williams, Montgomery, Ala., for plaintiff.

Charles P. Hollifield, Montgomery, Ala., for debtors.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEON J. HOPPER, Bankruptcy Judge.

The objection of the creditor, Transamerica Financial Services, Inc., to the confirma-

tion of the Chapter 13 plan filed by these debtors is submitted to the court on the stipulation of the parties and on the entire file in this Chapter 13 case, of which the court takes judicial notice.

### Findings of Fact

1. John D. Stollenwerck, Jr., and Susan C. Stollenwerck filed a joint Chapter 13[1] case in this court on May 9, 1980. Under their plan, they propose to pay the value of the collateral held to each holder of a secured claim. No payment is offered to unsecured creditors under the plan. The payment offered by the debtors under their plan, as modified at the meeting of creditors, is $200.00 per month.

2. The debtors own no property over and above the exemptions claimed by them and allowable under the Bankruptcy Code.

3. The amounts to be paid under the plan as secured claims are: $6,000 to the Central Bank of Montgomery, which holds a security agreement on the debtors' 1979 Ford pickup truck; $60 to Sears, Roebuck & Company, which holds a security agreement on a television set; $400 to Montgomery Ward Company, which holds a security agreement on a clothes dryer; $350 to the objecting creditor, Transamerica, which holds a security agreement on various items of property.

4. Transamerica has an unsecured claim in the amount of $4,568.67.

5. The debtors' combined average weekly take-home pay is $283. The debtors' monthly expenses, not including the payment proposed under their plan, amount to $818.50. The debtors have two dependent minor children.

### Conclusions of Law

1. Section 1325 provides the requisites for the confirmation of a plan and no minimum payment to unsecured creditors is set by this section, other than that each allowed unsecured claim must be paid an amount

not less than would be paid on such claim if the estate of the debtor were liquidated under Chapter 7. The debtors are in compliance with this requirement, which is known as the best interests test. 11 U.S.C. § 1325(a)(4).

2. The requirement that the plan be proposed in good faith does not require any specific minimum payment to unsecured creditors. 11 U.S.C. § 1325(a)(3). *In re Cloutier*, 3 B.R. 584 (Bkrtcy.D.Colo.1980), *In the Matter of Harland*, 3 B.R. 597 (1980), and *In re Sadler*, 3 B.R. 536 (Bkrtcy.D.Neb. 1980). The invoking of the good faith provision to reject a plan where the only consideration is the percentage payment to unsecured creditors is a misapplication of the provision. *In re Iacovoni*, 2 B.R. 256, 5 BCD 1270 (Bkrtcy.D.Utah 1980), and *In re Beaver*, 2 B.R. 337, 5 BCD 1285 (Bkrtcy.S.D. Cal.1980).

3. These debtors' plan has a rehabilitative purpose within the concept of Chapter 13 in that it will permit them to pay the holders of secured claims and retain the property securing them consisting of household items and a motor vehicle which is their transportation to and from their places of employment. It is not reasonable to assume that this could be accomplished through a Chapter 7 liquidation case. The amount to be paid to unsecured creditors is only one factor to be considered when determining whether a case should be confirmed under Section 1325 of the Code. *In re Schongalla*, 4 B.R. 360, CCH Bankruptcy Law Reporter ¶ 67,452 (Bkrtcy.D.Md.1980).

4. While this court does not recognize that a best effort is required by Sections 1322 and 1325 of the Bankruptcy Code, the court finds that the payment proposed by the debtors in this case is their best effort and that they do not have available regular income out of which they can make any additional payment and thus any percentage payment to unsecured creditors. *In re Powell*, 2 B.R. 314 (Bkrtcy.E.D.Va.

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited are to Title 11, United States Code, the Bankruptcy Code.

**618**

1980), and *In re Keckler*, 3 B.R. 155, CCH Bankruptcy Law Reporter ¶ 67,367 (Bkrtcy. N.D.Ohio 1980).

5. The court concludes that this plan has been proposed in good faith and meets all the other requirements of Sections 1322 and 1325 of the Bankruptcy Code and should be confirmed.

An appropriate order in conformance with the above findings of fact and conclusions of law, and overruling the objection to confirmation, will be entered this date.