**In re Michael R. MILLS, Debtor.**

**Bankruptcy No. 81–00747–W–13.**

United States Bankruptcy Court,
W. D. Missouri.

Sept. 8, 1981.

James H. Thompson, Jr., Kansas City, Mo., for debtor.

Steven M. Leigh, Kansas City, Mo., for Kansas City Bank & Trust Co.

Rita Rhodes, trustee.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In this Chapter 13 proceeding, debtor proposes to return a 1978 Oldsmobile to the creditor, Kansas City Bank & Trust Co., which holds a security interest in the automobile. Prior to bankruptcy being filed, debtor was in default on the note to the Bank but, despite demand, refused to surrender possession of the automobile. The Bank then obtained a judgment in state court on the loan. The Bank now objects to confirmation of the plan, saying that the vehicle has been damaged due to debtor's acts, and that its value so diminished that it would be inequitable to require satisfaction of the debt in return for the vehicle in its present condition.

The parties have stipulated that there are no disputes of fact. The automobile in its present condition is valued at $400.00. Undamaged, it would be worth $2,900.00. Debtor failed to keep the automobile insured or to protect it against being stripped.

Section 1325(a)(5)(C) directs the Court to confirm a plan if, with "respect to each allowed secured claim provided for by the plan—(inter alia) . . . the debtor surrenders the property securing such claim to such holder." Section 1325(a)(3) requires the Court to find that "the plan has been proposed in good faith." Based upon the undisputed evidence, the Court concludes that the proposal to return the damaged automobile in full satisfaction of the debt is not in good faith.

Under the provisions of Section 506, Title 11, U.S.C., the Court may determine the value of security. Here, the Court concludes that the value of the security is $400.00 and the Bank's claim is allowed as secured to that amount. That portion of the debt may be satisfied by surrender of the collateral. The balance of the debt, determined in relation to the value of the automobile rather than the judgment (see, for example, *In re Powell*, 2 B.R. 314 (Bkrtcy.E.D.Va.1980) and *In re Davidson*, No. 81–0769–W–13 (BC W.D.Mo.1981 unpublished) is allowed as an unsecured claim in the amount of $2,500.00.

In making this apportionment, the Court gives great weight to the fact that this plan

proposes 100% payment of all debts. Under a "good faith" analysis, the Court might have valued the claim differently if the unsecured claim were compromised. The Court, however, rejects the notion, set out in 5 Collier on Bankruptcy ¶ 1325.01 (15th Edition), that a creditor may have an unsecured claim based upon a deficiency if creditor does not agree that the surrender of the security satisfies the debt. The whole thrust of the Code is that the rights of the creditors to bargain with the debtor by withholding agreement as to a plan are severely limited. See, for example, section 1129(b). Consider also the concept of lien avoidance, Section 522(f) and of redemption, Section 722, both of which permit the debtor to alter the position of the secured creditor without the creditor's consent. See also *Matter of Amador*, 596 F.2d 428 (10th Cir. 1979).

The Bank is allowed a secured claim in the amount of $400.00 to be satisfied by surrender of the automobile and an unsecured claim in the amount of $2,500.00.

This Order constitutes Findings of Fact and Conclusions of Law as required by Rule 752, Rules of Bankruptcy Procedure.