**In the Matter of Harvey & Jo Ellen MYERS, Debtor(s).**

**Bankruptcy No. 84–698.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 13, 1985.

Frank L. Natter, Clearwater, Fla., for debtors.

John R. Shuman, Clearwater, Fla., for movant, Aetna Finance Co.

Chris C. Larimore, Bradenton, Fla., trustee.

## ORDER ON OBJECTION TO CONFIRMATION OF PLAN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is an Objection to Confirmation of the Chapter 13 Plan submitted by Harvey and Jo Ellen Myers, the Debtors involved in the above-styled case. The Motion is filed by Aetna Finance Co. (Aetna) who claims that the Petition for Relief filed by the Debtors was filed in bad faith, thus subject to dismissal.

The facts relevant to the issues raised by Aetna's Motion as developed at the evidentiary hearing and as appear from the record are as follows:

Aetna, as part of its general practice, mailed out certificates to prospects offering them an opportunity to borrow up to $2,500. It appears that the Debtors in response to this offer visited Aetna's office, applied for and obtained a loan in the principal amount of $2,271.14. The note

was signed only by Harvey Myers. It appears at the time the Debtor obtained this loan from Aetna, he already discussed his possible intention to file a Petition for Relief under the Bankruptcy Code. The fact of the matter is that the Debtors did file their Petition on March 30, 1984 or two weeks after Mr. Myers obtained the loan from Aetna. Under the Chapter 13 plan submitted by the Debtors, confirmation of which objected to by Aetna, the Debtor proposes to pay to the trustee $144.00 per month for 36 months which would produce an 18% dividend to unsecured creditors.

Based on these facts, Aetna contends that the Plan submitted by the Debtors does not meet the standard for confirmation required by the Bankruptcy Code because it was not proposed in "good faith" therefore, it cannot be confirmed.

Congress failed to furnish a definition of the term "good faith" as it is used in § 1325(a)(3). Courts dealing with the question of "good faith" employed different approaches in considering the presence or absence of "good faith". Some courts denied confirmation of minimal or zero payment plans stating that "good faith" required a substantial and meaningful payment to unsecured creditors. *In re Heard*, 6 B.R. 876, 881 (Bkrtcy.W.D.Ky.1980); *In re Iacovoni*, 2 B.R. 256, 267 (Bkrtcy.D. Utah 1980). Other courts confirmed a 13 Plan if the payment proposed by the Debtors under the Plan offered at least as much as the unsecured creditors would have received in a Chapter 7 case and rejected the notion that the Code requires substantial payment to unsecured creditors before the Plan can be confirmed. *In re Sadler*, 3 B.R. 536, 536–37 (Bkrtcy.E.D.Ark.1980); *In re Harland*, 3 B.R. 597, 598–99 (Bkrtcy.D. Neb.1980).

Following this approach, some courts confirmed zero plans, plans which offered no payments to unsecured creditors, simply because unsecured creditors would not have received anything in a Chapter 7 case due to the fact that the Debtor had no

assets except those claimed and allowed as exempt. *In re Scher*, 12 B.R. 258, 280; 4 CBC 2d 784, 798 (Bkrtcy.S.D.N.Y.1981); *In re Yee*, 7 B.R. 747, 758; 3 CBC 2d 388, 396 (Bkrtcy E.D.N.Y.1980). Some Courts following a middle road concluded that finding "good faith" requires an inquiry on a case by case basis. *In re Polak*, 9 B.R. 502, 510 (D.C.W.D.Mich.1981); *In re Long*, 10 B.R. 880, 881–82 (D.C.D.S.1981); *In re Kull*, 5 CBC 2d 600, 12 B.R. 654, 658–59 (Bkrtcy D.C.S.D.Ga.1981). In the case of *In re Goeb*, 675 F.2d 1386 (9th Cir.1982), the Court stated that the proper inquiry should be addressed to the conduct of the Debtor in proposing a Chapter 13 plan. This inquiry must consider whether the debtor misrepresented facts in his plan; whether the debtor intended to unfairly use the Bankruptcy Code; or did he propose the plan in an inequitable manner. The Court concluded that the amount of the payment proposed is just one of the factors which the Court must consider in finding the presence or absence of "good faith". *See, Barnes v. Whelan*, 689 F.2d 193 (D.C. Cir.1982).

In the case of *In re Deans*, 692 F.2d 968 (4th Cir.1982), the Court of Appeals also rejected a per se approach which required a substantial payment as an element of "good faith". In considering the term, "good faith", the Court concluded that:

> "... repayment to unsecured creditors, although not a requirement for confirmation of every Chapter 13 plan, was one intended purpose of Chapter 13's enactment. Failure to provide substantial repayment is certainly evidenced that a debtor is attempting to manipulate the statute rather than attempting honestly to repay his debts. But substantiality of proposed repayment is but one factor to be considered in deciding if a plan has been proposed in good faith; a court must make its determination based on all militating factors."

*In re Deans, supra* at 972; see also, *In re Estus*, 695 F.2d 311 (8th Cir.1982).

**250**

This Court is in full agreement with this approach and rejects the notion that meaningful or substantial payment is an indispensable element of the good faith required by § 1325(a)(3). However, "best effort" by a Chapter 13 debtor may very well be an indication of the sincere and honest purpose of the Debtor even though his best efforts produce less than substantial or meaningful payment to unsecured creditors. While Congress did not require "best efforts" from debtors and did purposefully liberalize a discharge provision of the Code, under this chapter, § 1328(a), it is hard to accept the proposition that a debtor whose conduct is tainted with fraud should be able to use Chapter 13 to escape the consequences of his conduct by offering a token payment to unsecured creditors. This is especially true in instances when a debtor incurred substantial debts in close proximity in time to the commencement of the Chapter 13 case.

This is precisely the situation involved in the present instance. The Debtor borrowed $2,200 two weeks prior to filing their Chapter 13 petition after already deciding to file their petition. Their plan proposes to pay approximately 18% to unsecured creditors which may very well be their "best effort" as this term is considered only considering their future income, but it is not when considering all the monies they obtained from Aetna just before they filed their petition for relief. This being the case, this Court is satisfied that this Plan was not proposed in "good faith" and, therefore, cannot be confirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the confirmation of the Chapter 13 plan submitted by the Debtors, Harvey and Jo Ellen Myers, be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Chapter 13 case shall be dismissed unless the Debtors file a notice of conversion within 15 days from the date of entry of this order.