**In re Diana BUSETTA–SILVIA, Debtor.**

**No. 13–02–17194 SA.**

United States Bankruptcy Court,
D. New Mexico.

April 14, 2004.

---

Michael K. Daniels, Raynard Struck, Albuquerque, NM, for Debtor.

Annette DeBois, Ronald Andazola, Assistant U.S. Trustee, Albuquerque, NM, for Appellants.

Karen H. Bradley, Albuquerque, NM, for Creditor.

## MEMORANDUM OPINION IN SUPPORT OF ORDER RECONSIDERING THE OCTOBER 29, 2003 FEE ORDER BUT DENYING THE RELIEF SOUGHT

JAMES S. STARZYNSKI, Chief Judge.

The Chapter 13 Trustee ("Trustee") and the United States Trustee ("UST") have asked the Court to reconsider its decision denying Debtor's counsel $310.62 of fees from work done prepetition for this chapter 13 debtor. The Court has reconsidered its ruling, and while accepting the argument urged by the two parties, nevertheless denies the requested relief in this case.

## BACKGROUND

On October 29, 2003, the Court entered its Order Denying in Part Application for Compensation and Reimbursement (doc 46) and a memorandum opinion in support

thereof (doc 45). *In re Busetta–Silvia,* 300 B.R. 543 (Bankr.D.N.M.2003). In the Order, the Court held that the attorney for the debtor could not be compensated post petition, as an administrative claim, from estate assets, for work performed for the debtor in preparation for the chapter 13 filing, although debtor's counsel could file a non-priority unsecured claim for the unpaid fees.[1] The Court therefore denied approval of $310.62 of the requested fees.

The Trustee and the Debtor promptly filed an appeal (doc 47) on November 3. Then, on November 10, 2003, the Trustee filed her Motion to Reconsider (doc 51) in this court.[2] On November 14, 2003, the Bankruptcy Appellate Panel granted the Trustee's unopposed motion to stay the appeal proceedings so that the Motion for Reconsideration could be ruled upon by this Court. The UST, having joined in the appeal, on December 9, 2003 joined in the Trustee's Motion for Reconsideration (doc 64). Both the UST and the Trustee then filed briefs in support of the Motion for Reconsideration (docs 69 and 70 respectively).[3]

## ANALYSIS

### WHETHER THE COURT SHOULD RECONSIDER (LOOK AGAIN) AT ITS DECISION

The first issue is whether or not the Court should reconsider its decision;

---

1. The rationale for the decision was that fundamental to the structure of the Bankruptcy Code was the distinction between prepetition and postpetition debts, assets and activity, and that none of the several related provisions which deal with payment of attorney fees by themselves erase that distinction in a way that would authorize payment under the Code.

2. The Motion to Reconsider will be treated as a motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 59 of the Federal Rules of Civil Procedure. "No matter how styled, we construe a post-judgment motion served within

ten days of the entry of judgment and challenging the correctness of the judgment as a motion under Rule 59(e)." *Buchanan v. Sherrill,* 51 F.3d 227, 230 n. 2 (10th Cir.1995). (Citation omitted.) *Accord, Dalton v. First Interstate Bank of Denver,* 863 F.2d 702, 703 (10th Cir.1988). (Citation omitted.)

3. Debtor's attorney has not filed anything more in this court, perhaps having determined that the $310.62 at issue for him no longer justifies the further expenditure of either treasure or blood.

that is, regardless of what the decision on the merits might be after the Court re-examines its previous decision, should the Court even engage in that process? As detailed in the previous decision, 300 B.R. at 544–45, the parties to the previous decision had filed, in addition to the fee application and an objection thereto, a stipulation of facts and four briefs on the subject, none of which raised, much less argued, the executory contract analysis now put forward. The Trustee and UST acknowledge they became aware of the possibility when the Court pointed out in its first order that none of the parties had argued that theory. *Id.* at 545 n. 2. "[A motion for reconsideration] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *The Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (Citation omitted.) Thus, the Court would be inclined to deny reconsideration on this ground and because the executory contract argument will surely be raised in any number of the cases in which counsel are still providing uncompensated prepetition services to debtors.

■ On the other hand, the issue is of considerable importance. Experience continually demonstrates that debtors, creditors, trustees, the courts, and the public generally are so much better served by having debtors represented from the outset by competent counsel rather than having debtors representing themselves at any stage of the process, including before the petition is filed. *See In re Busetta–Silvia,* 300 B.R. at 550–51. That policy/public interest aspect alone would justify the reconsideration. And while the

Court is not aware of any case law which suggests that a request by a Bankruptcy Appellate Panel is also sufficient grounds for a reconsideration under Rule 9023,[4] the proposition would seem to be self evident, on grounds of comity if nothing else.[5] The Court has therefore granted that part of the Motion to Reconsider which asks the Court to review what it has previously ordered.

## WHETHER PREPETITION FEES CAN BE PAID UNDER AN EXECUTORY CONTRACT THEORY

■ The parties argue persuasively that the arrangement between a debtor and counsel is an executory contract. Although the Bankruptcy Code does not define the term, one of the Tenth Circuit's definitions of an executory contract is a contract in which neither party has completely performed, and the obligations of each party remain "complex". *Workman v. Harrison,* 282 F.2d 693, 699 (10th Cir. 1960). Other definitions used by the Tenth Circuit include a contract that has not as yet been fully completed or preformed and in which future obligations remain, or in which material performance remains due on both sides. *United States v. Myers (In re Myers),* 362 F.3d 667, 672–73 (10th Cir.2004). (Citations omitted.) In *Shaw v. Dawson (In re Shaw),* 48 B.R. 857, 859 (D.N.M.1985), the court used Professor Vern Countryman's now classic definition of an executory contract as a contract under which the obligations of both the debtor and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other. Coun-

---

**4.** Indeed, the Court has not even looked for such a case.

**5.** *Varley v. Tampax, Inc.,* 855 F.2d 696, 699 (10th Cir.1988) (timely filed Rule 59(e) mo-

tion gave the trial court the power and jurisdiction to amend the judgment for any reason, and was not limited to the ground set forth in the motion).

tryman, *Executory Contracts in Bankruptcy*, Part 1, 57 Minn. L.Rev. 439, 460 (1978). The legislative history of the Code recites simply that "[t]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.R. Rep. 95–595, at 347, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6303; S. Rep. 95–989, at 58, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5845.

Whatever the precise contour of an executory contract is, the relationship between debtor and counsel fits inside that contour. As the UST accurately details, it is not only the attorney but also the debtor that has a continuing responsibility in representing the debtor's best interests. It almost goes without saying that counsel's responsibilities are complex and weighty, both before and after the petition is filed. That statement also applies to the debtor. Prior to the filing of the petition, the debtor must supply the attorney with a considerable amount of detailed information, and make the decisions about whether to file, which chapter to file under, and ensure that the petition and any documents filed with the petition are accurate and complete. After the filing of the petition, the debtor must cooperate fully as counsel shepherds the debtor through any additional filings, the first meeting of creditors, plan confirmation and modifications, lien avoidances, defending stay motions and the other activities that it takes to complete the plan and obtain the discharge. That cooperation entails examining and approving documents filed on behalf of the debtor, particularly documents such as schedules and the statement of affairs or amendments thereto, the plan, plan modifications, responses to stay motions, and requests to borrow. It also entails keeping the attorney fully apprized of any changes in circumstances that would affect plan performance or compliance with the Code. On a human scale (as distinguished from the "legal" perspective of the debtor's duties), these are no small undertakings for debtors who are daily stressed by the straitjacket of lack of money, often accompanied by the pressure of loss of employment, divorce or medical problems that lead to the filing to begin with.

It is true that, practically speaking, each debtor and each counsel have the right to terminate the relationship when either wishes to, prepetition or postpetition. But as long as the relationship is in existence, the obligations of the parties do remain "complex", "material" and mutual. And the UST is correct in pointing out that while the attorney-client relationship is a personal services contract on which the debtor cannot compel performance by the attorney, 11 U.S.C. § 365(c)(1)(A), the attorney can agree to the assumption. § 365(c)(1)(B).

The court in *In re Martin*, 197 B.R. 120, 129 (Bankr.D.Colo.1996) raised the specter of conflicts of interest between debtors and their counsel in connection with the use of executory contracts. Such a conflict is surely possible, and the Court assumes that any motion in the name of the debtor to assume the representation contract will be filed only after a full and objective explanation by the attorney of the debtor's options. But, bottom line, the Court does not share the *Martin* court's concern. What is far more likely is that the attorney and the debtor, having most likely recently reached an agreement for the representation, will share a mutual intent and interest in having the representation in effect approved and continued pursuant to § 365.

Whether it is appropriate to file a chapter 13 case merely to ensure payment of attorney fees, *compare In re Haynes*, 216 B.R. 440, 444–45 (Bankr.D.Colo.1997) (dis-

approving chapter 13 cases filed only to ensure payment of fees) *with Nat'l City Bank of Rome v. Purdy (In re Purdy),* 16 B.R. 847, 855 (N.D.Ga.1981) (*quoting In re Stollenwerck,* 8 B.R. 297, 298 (D.Ala.1981)) *and In re Cloutier,* 3 B.R. 584, 587 (Bankr. D.Colo.1980) (one of the purposes of chapter 13 is to permit the debtor to file a bankruptcy petition and pay the attorney fees over time), that is not the situation in this case and therefore will not be considered in this opinion.

## *DISPOSITION OF THIS CASE*

■■■ One of the requirements of assuming a contract is filing a motion requesting that relief.[6] *United Food & Commercial Workers Union, Local 211 v. Family Snacks, Inc. (In re Family Snacks, Inc.),* 257 B.R. 884, 904 (8th Cir. BAP 2001). That has never been done in this case, either by a stand alone motion or in the chapter 13 plan. The Court therefore has no basis for changing its initial analysis of this case and treating the $310.62 as an administrative claim.[7]

## CONCLUSION:

As the foregoing analysis demonstrates, a prepetition claim for attorney services rendered to the debtor "in connection with the bankruptcy case," 11 U.S.C. § 330(a)(4)(B), may be compensated as an administrative claim as part of an assumed contract pursuant to § 365. Since there

has been no assumption of the attorney-client contract in this case, the request in the Motion for Reconsideration, that the Court reverse its denial of administrative claim treatment for the $310.62 of prepetition fees, will itself be denied.

---

**6.** It does not take much imagination to foretell the practice that will arise as a result of this decision. Immediately upon the filing of a petition, the debtor will move for the assumption of the representation contract, much the way that debtors in possession with experienced counsel move for an employment order on the petition date. Alternatively, debtors could include such a provision in their plan, pursuant to § 1322(b)(7), although if the plan is not confirmed, the benefit to the debtor and the estate of assuming the contract may be diminished. And if the assumption motion has not been decided when and if

the case is converted to chapter 7, there presumably will be little likelihood of assumption.

**7.** The Trustee also argues that Rule 1006(b)(3), which requires that filing fees be paid in full before an attorney may be paid, implicitly recognizes that attorneys can be paid postpetition for prepetition work. That rule addresses another issue altogether (fundamentally, the protection of the public fisc) and in any event is too weak a reed to support the Trustee's position.