**In re Robert S. PATTERSON, Kim Patterson, Debtors.**

**Bankruptcy No. SA80–00701 AP.**

United States Bankruptcy Court, C. D. California.

May 13, 1980.

Richard A. Daily, Anaheim, Cal., for debtors.

Shannon J. Haney, Trustee pro. per.

## MEMORANDUM OPINION

AARON K. PHELPS, Bankruptcy Judge.

The debtor asks the Court to confirm a plan under Chapter 13 by which the debtor proposes to pay in full by July, 1982, the secured portion of the debt which he owes as the purchase price of a 1978 Pontiac Transam sportscar, upon which the debtor states he owes $5,670.56 payable at $202.50 per month. The debtor further proposes to treat a creditor who is owed $2,069.26 payable at $75.00 per month secured by a 1964 Chevrolet van and household furniture as an unsecured creditor. The debtor schedules 14 additional unsecured creditors to whom the schedules assert the debtor owes $5,156.05. The debtor proposes to pay the unsecured creditors only 1% which would presumably include the finance company which holds an encumbrance upon the household goods and the 1964 Chevrolet van.

Thus the debtor proposes to pay less than $75.00 to the unsecured creditors while paying in full for his expensive sportscar over a period of two years and two months.

No information has been furnished to the Court which would indicate that this debtor is a "repeater" debtor who would be barred from a discharge in a Chapter 7 case, nor has there been any suggestion made to the Court that there are facts which might justify denial of the discharge of the debtor, nor have any facts been suggested concerning any debt owed by the debtor being non-dischargeable under the provisions of § 523 if this were a Chapter 7 bankruptcy.

The only reason for filing a Chapter 13 case instead of a Chapter 7 case either suggested to the Court or discernible by the Court from the information presented, is that the debtor is willing to pay a sum somewhat less than $75.00 to the unsecured creditors in order to obtain the protective umbrella of a Chapter 13 proceedings while the debtor attempts to retain possession of and make the payments upon an expensive sportscar.

The plan does not propose to pay an adequate amount to the trustee. The debt-

or's proposal is to pay only $225.00 per month. The trustee's commission and expense allowance is 10% which would leave $202.50 per month. Attorney's fees of $400 have been paid in full. The $202.50 per month is the exact amount required to be paid under the contract to purchase the Transam automobile. Thus the unsecured creditors would not receive a penny until more than two years in the future, if the debtor at that time did not choose to convert the case to a Chapter 7 bankruptcy once his sportscar was paid for in full.

I find that the debtor's plan is not proposed in good faith. The payment proposed to be made to the unsecured creditors of 1% so far in the future is not a good faith plan. A bankruptcy case does not become a Chapter 13 case merely by calling it a Chapter 13 case. Instead, Chapter 13 is intended to be used by debtors who want to make a good faith effort to pay to their creditors a reasonable and a substantial portion of their debts, depending on all the circumstances. If the plan is filed with some other motive in mind, the plan is not filed in good faith within the meaning of § 1325.