**In the Matter of Glenn A. HARBISON and Mary F. Harbison, Debtors.**

**Bankruptcy No. 80 B 01157.**

United States Bankruptcy Court, N. D. Illinois, W. D.

Feb. 19, 1981.

Jan Ohlander, Rockford, Ill., for the Clinic.

Allen Silver, Belvidere, Ill., for the Harbisons.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Objection of the Orthopaedic and Arthritis Clinic of Rockford, Ltd. to Confirmation of the Chapter 13 Plan proposed by the Debtors, Glenn A. Harbison and Mary F. Harbison.

In this case the Court is squarely faced for the first time with the question of whether a nominal payment plan inherently lacks good faith. The Debtors propose to pay 100% (approximately $4300) to two secured creditors and 10% (approximately $322) to several unsecured creditors over a period of 5 years.

Here the Debtors are not motivated to file a Chapter 13 in order to evade a Section 523, non-dischargeable debt, such as in *In Re the Matter of Cole*, Bkrtcy, 3 B.R. 346, 1 CBC 2d 795. Here there are no extraordinary circumstances as described in *In Re Hurd*, Bkrtcy, 4 B.R. 551, 2 CBC 2d 190 at page 201. Here there is no overriding exemplary motive to preserve a home from foreclosure as in *In the Matter of Johnson*, Bkrtcy, 6 B.R. 34, 2 CBC 2d 552.

Moreover, the 10% payment to unsecured creditors does indeed represent the Debtors' best effort. Clearly, the only basis for denying confirmation is that a nominal payment plan inherently lacks good faith.

Under the former Bankruptcy Act this Court confirmed hundreds of Chapter XIII plans in which the debtors proposed to pay 100% of their debts over three years. Rarely was a plan proposed at less than 100%, and then only for good reason.

Under the new Chapter 13, with its lack of creditor voting, its lack of an objective minimum payment requirement, and its lack of Section 523 non-dischargeability sanctions, Congress has unleashed a congenitally defective creature that screams out for legislative attention and cure.

While Congress generally is to be complimented for its work in the drafting and passage of the new Bankruptcy Code, surely its members did not anticipate the extent to which Chapter 13 would be exploited. The Michigan experience, as described by Judge Nims in *In Re Hurd*, Bkrtcy, 4 B.R. 551, 2 CBC 2d 190 at page 201, is illustrative. Note that in March, 1980, only 7% of the Chapter 13 plans before Judge Nims proposed to pay more than 10% to unsecured creditors.

Until legislative reform is forthcoming the Bankruptcy Courts must maintain the distinction between Chapter 7 and Chapter 13, as well as the basic underlying spirit and purpose of Chapter 13. If this means resorting to "good faith" as a grounds for denying confirmation when nominal payment plans and non-dischargeable debts are involved, then so be it.

This Court has carefully studied the reported cases on the issue of good faith. The following list is a representative collection of those cases, illustrating the divergent views of several Bankruptcy Courts:

Bloom Bkrtcy, 3 B.R. 467, 1 CBC 2d 1098

Burrell Bkrtcy, 2 B.R. 650, 1 CBC 2d 474)
    D.C., 6 B.R. 360, 2 CBC 2d 1019)

Sadler Bkrtcy, 3 B.R. 536, 1 CBC 2d 935

Terry Bkrtcy, 3 B.R. 63, 1 CBC 2d 525) 2 CBC 2d 1237)

Seman Bkrtcy, 4 B.R. 568, 2 CBC 2d 394

Cole Bkrtcy, 3 B.R. 346, 1 CBC 2d 795

Montano Bkrtcy, 4 B.R. 535, 2 CBC 2d 431

Tanke Bkrtcy, 4 B.R. 339, 2 CBC 2d 249

Madden 1 CBC 2d 1093

Hurd Bkrtcy, 4 B.R. 551, 2 CBC 2d 190

Patterson Bkrtcy, 4 B.R. 239, 2 CBC 2d 149

Wiggles Bkrtcy, 7 B.R. 373, 6 BCD 1326

Heard Bkrtcy, 6 B.R. 876, 6 BCD 1272

In re Yee Bkrtcy, 7 B.R. 747, 3 CBC 2d 388

I am particularly impressed with the provocative analysis by Judge Dietz in *In Re Heard.* I endorse Judge Dietz' reasoning and find it applicable here. Absent extraordinary circumstances, a 10% plan inherently lacks good faith. Absent extraordinary circumstances, A NOMINAL PAYMENT PLAN CONTRAVENES THE SPIRIT AND PURPOSE OF CHAPTER 13.

\* \* \* \* \* \*

In this case the attorney for the Debtors argues that the Debtors will be able to emerge with a "better credit standing" if they are permitted to proceed under Chapter 13 rather than Chapter 7. But wait a minute! Isn't that a sound reason for NOT confirming a nominal payment plan? If debtors can discharge all of their debts after paying 0%, or 1% or 10%, including those debts incurred by fraud, theft and intentional injury, as well as student loans, by paying 1% in a Chapter 13 rather than 0% in a Chapter 7, the distinction between Chapter 13 and Chapter 7 disappears and with it disappears the "better credit standing" of those who complete Chapter 13s.

\* \* \* \* \* \*

Should this plan be confirmed, the cost of administration will be approximately $800 (18% of $4300). Payments to unsecured creditors will be approximately $322 (10% of $3220). In short, it will cost $800 to dole out $322 to unsecured creditors over a period of 5 years. Perhaps such a mathematical absurdity in itself constitutes a lack of good faith.

\* \* \* \* \* \*

For all of the above reasons, the Court concludes that confirmation of the Harbisons' Chapter 13 Plan should be denied. A further hearing in this matter will be held to enable the Debtors to show cause why this case should not be converted from a Chapter 13 to a Chapter 7.

An Order consistent with this Memorandum Opinion is filed herewith.