**In re W. Michael JONSON, Debtor.**

**Bankruptcy No. IP81–2367WP.**

United States Bankruptcy Court,
S. D. Indiana,
Indianapolis Division.

Nov. 20, 1981.

Terry L. English, Bloomington, Ind., for debtor.

Anne R. Mendelson, Student Loan Administration, Bloomington, Ind., for objector, Indiana University.

### ENTRY ON OBJECTION TO PLAN

ROBERT L. BAYT, Bankruptcy Judge.

This matter came before the court on plaintiff's Objection to Proposed Chapter 13 Plan. Plaintiff, Trustees of Indiana University, prays that this court deny confirmation of debtor, W. Michael Jonson's, amended Chapter 13 plan, filed September 28, 1981. A hearing was held in this matter, subsequent to which, plaintiff, through counsel, filed a Memorandum Of Law In Support Of Objection To The Confirmation Of Debtor's Chapter 13 Plan, and debtor, through counsel, filed a Response To Objection Of Indiana University Trustees.

The debtor in this action is a single, 35 year-old male with no dependents. He works as an administrative assistant for a medical doctor and has a net income of $775.00 per month. Debtor received a Master of Music degree from Indiana University and is only 2 courses short of receiving his doctorate. His only indebtedness, as reflected in his Chapter 13 Petition, is a student loan from Indiana University in the amount of $10,250.00. Said loan became due and payable in October, 1979, with monthly payments of $98.98. As of the date of debtor's petition, debtor has not made any payments on said loan and still owes $10,250.00 in principal and approximately $571.00 in interest.

Debtor has filed an amended Chapter 13 plan in which he proposes to make payments to the Trustee of $140.00 per month for 36 months. Of this amount, approximately $112.00 would be applied to the student loan. Debtor's proposed plan would result in a total payment of $4,036.00 to Indiana University for a $10,250.00 loan. Such payment represents a 39% dividend on the loan principal.

Plaintiff objects to the confirmation of debtor's plan and raises the question of "good faith" on the part of the debtor. The sole issue before the court is whether debtor's amended plan meets the good faith requirement of 11 U.S.C. § 1325(a)(3).

Before a bankruptcy court can confirm a Chapter 13 plan it must make certain findings. *See* 11 U.S.C. § 1325(a)(3). "In this respect, Chapter 13 differs markedly from Chapter 7 [since] [t]he court has virtually no role to play in straight bankruptcy or liquidation under Chapter 7." *In re Yee*, 3 C.B.C.2d 388, 7 B.R. 747 (Bkrtcy.E.D.N.Y. 1980).

One of the findings that the court must make is whether the "plan has been proposed in good faith...." 11 U.S.C. § 1325(a)(3). The term "good faith", as used in 11 U.S.C. § 1325(a)(3), is not defined in the Code, nor can one look to the legislative history for a definition or a clarification of that term. Therefore, it is the court's duty "to fashion the meaning of that term." *In re Howard*, 5 B.C.D. 1375, 3 B.R. 75 (Bkrtcy.D.Conn.1980).

■ This court is of the opinion that the major purpose of the court's discretion under § 1325 to scrutinize a Chapter 13 plan prior to confirmation, is to prevent debtor abuse of Chapter 13, *id.*, and to insure that the distinction between Chapter 7 and Chapter 13, as well as the basic and underlying purpose of Chapter 13, is maintained. *In re Harbison*, 3 C.B.C.2d 802, 9 B.R. 205, (Bkrtcy.N.D.Ill.1981).

■ A review of the legislative history unmistakably leads to the conclusion that the purpose of a Chapter 13 plan is to enable a debtor to pay either in full or in part, "debts which have become too burdensome to meet without the help of the bankruptcy laws." *In re Yee*, 3 C.B.C.2d 388, 7 B.R. 747 (Bkrtcy.E.D.N.Y.1980). *See* H.R. Rep.No.95–595 Cong. 1st Sess. (1977) 118; S.Rep.No.95–989, 95th Cong. 2d Sess. (1978) 141, U.S.Code Cong. & Admin.News 1978, p. 5787. The purpose of Chapter 13 is not to allow a debtor to discharge a debt or debts which would not be dischargeable under Chapter 7, *see* 11 U.S.C. § 523(a), without substantial payment by the debtor to the creditor or creditors. To be sure, "the drafters [of the Code] did not intend the liberal provisions of Chapter 13 to be used as a disguised Chapter 7 liquidation. The drafters intended debtors to deal fairly and justly with their creditors." *In re Murallo*, 6 B.C.D. 478, 4 B.R. 666 (Bkrtcy.D.Conn. 1980). If a debtor is not dealing in such a manner, the court cannot find that the plan was proposed in good faith.

■ It is the court's opinion that the debtor's plan was not proposed in good faith. It appears that the debtor's sole purpose is to avoid the provisions of Chapter 7 which would not allow a discharge of the debtor's only debt, a student loan. *See* 11 U.S.C. § 523(a)(8). This court does not mean to say, however, that a debtor's use of the liberal discharge provisions of Chapter 13 is *per se* bad faith. *In re Seely*, 2 C.B.C.2d 1128, 6 B.C.D. 1003, 6. B.R. 309 (Bkrtcy.E.D.Va.1980). "But it may be bad faith to utilize these provisions without a corresponding attempt to repay creditors a meaningful [or substantial] amount." *In re Smith*, 8 B.R. 543 (Bkrtcy.D.Utah 1981.) To allow confirmation of debtor's plan would in effect sanction "an abuse of the provisions, purpose and spirit of Chapter 13." *In re Yee*, 3 C.B.C.2d 388 7 B.R. 747 (Bkrtcy.E.D.N.Y.1980).

According to the terms of his plan, debtor would pay $140.00 per month for 36 months. At the end of 36 months debtor would have paid approximately $4,036.00 on a $10,-250.00 student loan. The court notes that debtor's proposed payment is $41.00 more than the monthly payment of the student loan itself. Debtor's proposed payment is not a meaningful or substantial one. If he is able to pay more under the plan for three years than is required under the terms of his agreement with Indiana University, the court wonders why he should not continue to pay until the entire amount is paid off, particularly in view of the fact that he will earn more money as time passes.

In his Response, debtor maintains that a 39% dividend is a substantial payment, thus

**80**

warranting confirmation of his plan. Such a dividend may well be substantial in other situations, but it is not so in the instant one, in which the debtor has only one debt and that debt is a student loan.

Given the nature of the debt, public policy should demand that the plan not be confirmed. Student loans serve an important and useful purpose. If a debtor fails to repay a student loan, a loan used to better oneself through higher education, such action by the debtor diminishes the amount that others may borrow.

The court CONCLUDES that debtor's Chapter 13 plan was not filed in good faith and, therefore, should not be confirmed by the court.

It is ORDERED, ADJUDGED, AND DECREED that confirmation of debtor's amended Chapter 13 plan is hereby DENIED.