**In re Carol Elaine JOHNSON, Debtor.**

**Bankruptcy No. BK 83–30565.**

United States Bankruptcy Court, S.D. Illinois.

Jan. 19, 1984.

---

John M. Goodwin, Belleville, Ill., for debtor.

Shari R. Rhode, Chief Trial Atty., University Legal Counsel, Southern Ill. University at Carbondale, Carbondale, Ill., for creditor.

James W. McRoberts, Jr., East St. Louis, Ill., Trustee.

## ORDER ALLOWING OBJECTION TO CHAPTER 13 PLAN

J.D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this matter having come before the Court pursuant to an objection to the debtor's Chapter 13 Plan, filed on behalf of Southern Illinois University at Carbondale (SIU–C), by its attorney, Shari R. Rhode; oral argument having been presented by the respective parties' counsel, John M. Goodwin, Jr., representing the debtor; after careful consideration, the Court makes the following findings of fact and conclusion of law:

1. Debtor filed a petition under Chapter 13 of the Bankruptcy Code on August 22, 1983. Subsequently, debtor filed an amended Plan on September 22, 1983, which is substantially the same as the original Plan, save for a minor change that is of no consequence to the matter at bar.

2. SIU–C is listed in debtor's Plan as an unsecured creditor with an unsecured claim in the amount of $1,715.84 for educational loans. SIU–C alleges in its pleadings that it is owed $1,718.97, although the amount of the claim is not in dispute at this time. SIU–C has not filed a proof of claim.

3. Debtor proposes to pay 10% of her unsecured debts under her Plan.

4. The total amount of unsecured debt listed in debtor's Plan is $7,320.92.

5. Educational loans in the amount of $6,177.98 represent 84.4% of debtor's unsecured debts. SIU–C's claim of $1,715.84 represents 23.4% of the total amount of unsecured debt.

SIU–C filed an objection to debtor's Plan on the basis that it was not proposed in good faith. SIU–C contends that the Plan cannot be confirmed under § 1325(a) of the Bankruptcy Code because as an unsecured creditor it will not receive the amount that would be paid if the case were administered under Chapter 7. Educational loans are nondischargeable in a Chapter 7 case under § 523(a)(8) of the Code. Thus, under SIU–C's theory, debtor's Chapter 13 Plan is not in good faith under § 1325(a)(3) and cannot be confirmed because (1) the Plan does not conform to § 1325(a)(4); and (2) . . debtor is "attempting to circumvent the specific exclusion of an educational loan debt from discharge in bankruptcy by commencing this action under Chapter [13]."

Debtor maintains that her Plan was filed in good faith and, as such, it is not in contravention of any provision of the Bankruptcy Code. Debtor points to the fact that after taking out living expenses and payments to a secured creditor outside the Plan, the full amount of her monthly income is being applied toward the repayment of her debts. Furthermore, debtor states that there is no provision in Chapter 13 that precludes the discharge of educational loans.

There are six requirements for confirmation under § 1325(a) of the Code. The "best interest test" under § 1325(a)(4) is a separate requirement that must be met before a Chapter 13 Plan can be confirmed. A Plan is deemed to be in the "best interest" of an unsecured creditor only if the value of the distribution on the effective date of the Plan is at least as much as the creditor would receive if the debtor's estate was liquidated under Chapter 7. Ostensibly, a Plan proposing to pay less than 100% of a creditor's claim for an educational loan

would not be in its best interest. A strict reading of § 1325(a)(4) would have the effect of incorporating § 523 into the requirements of § 1325(a). The Seventh Circuit pointed out that if this were the case

> any creditor with a nondischargeable debt could block a Chapter 13 Plan by insisting that his claim might some day be satisfied in full... The generous discharge provisions of Chapter 13 would be illusory, subject to abrogation whenever a creditor [owed a nondischargeable debt] objected to the plan. As a *quid pro quo* for not objecting, such a creditor might be able to insist on specific levels of repayment, although [§ 1325(a)] itself has no minimum payment requirement.

*In re Rimgale,* 669 F.2d 426, 431 (7th Cir. 1982). Congress did not intend such a result. The "correct approach" to this statutory anomaly is to treat the best interest test as an element of good faith test under § 1325(a)(3). *See, In re Burrell,* 6 B.R. 360, 366 (D.C.N.D.Cal.1980).

Good faith under Chapter 13 is a somewhat nebulous concept that is not defined in the Bankruptcy Code. Basically, the good faith requirement of § 1325(a)(3) is a test used by the bankruptcy court, sitting as a court of equity, to determine whether a debtor has treated creditors fairly under the proposed wage-earner plan. The Seventh Circuit undertook to provide a guide to bankruptcy courts in applying the good faith test in *In re Rimgale, supra.* In determining whether a debtor is dealing fairly with one of his creditors, a court can look to the proportion of unsecured debt that is represented by the particular creditor's claim, as well as the equities of classifying ordinary consumer debt with debts that are not dischargeable in a straight bankruptcy. *In re Rimgale,* 669 F.2d at 433 n. 22. Since the inquiry focuses on the particulars of each individual case, good faith is determined on a case-by-case basis.

The Court finds that debtor's Plan was not filed in good faith. An overwhelming percentage of debtor's unsecured debts, over 84%, are educational loans that would not be dischargeable in a straight bankruptcy. The debt of SIU–C alone is more than the entire amount owed on conventional consumer debts. The Court is of the opinion that debtor has misused the Chapter 13 process. The mere fact that debtor proposes to pay the full amount of the excess of her monthly income over her monthly expenses does not constitute good faith per se.

Although the provisions of Chapter 13 are silent on the matter, the Court does not interpret the Code to mean that educational loans can be placed at par with consumer debt in a Chapter 13 Plan in every case. The Court must be careful to guard the public interest in a case such as the instant matter. "If a debtor fails to repay a student loan, a loan used to better oneself through higher education, such action by the debtor diminishes the amount that others may borrow." *In re Jonson,* 17 B.R. 78, 80 (Bkrtcy.S.D.Ind.1981).

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that objection to the above-named debtor's Chapter 13 Plan be, and the same hereby is, allowed.

IT IS FURTHER ORDERED that debtor shall have thirty (30) days from the entry of this order in which to file an Amended Plan or the case will be converted to Chapter 7 pursuant to 11 U.S.C. § 1307(c).