**In re Carlos R. SANABRIA, Debtor.**

**Bankruptcy No. 85 C 2236.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 12, 1985.

Sherwin J. Malkin, Chicago, Ill., for appellant.

Melvin J. Kaplan, Chicago, Ill., for debtor.

## ORDER

NORGLE, District Judge.

This matter is before the court on Heritage Bank's appeal of the bankruptcy court's confirmation of the debtor's Chapter 13 plan. Heritage contends the bankruptcy court erred in concluding the debtor proposed his plan in good faith as is required for confirmation of a Chapter 13 plan. *See* 11 U.S.C. § 1325(a)(3).

The debtor, Carlos Sanabria, filed a petition and plan under Chapter 13 of the bankruptcy code shortly after graduating from medical school. At that time, Heritage Bank filed a claim for just over $18,000.00 and objected to the debtor's proposed plan. The bankruptcy judge, however, confirmed the plan over Heritage's objection, and denied Heritage's motion to vacate the confirming order.

The debtor's petition and plan reveal that the debtor, who is unmarried, was employed at the Illinois Masonic Medical Center as a resident specializing in internal medicine at the time of his petition. His monthly take home pay was $1,321.00 and his estimated expenses were $1,146.00. The schedule of debts states that he has four creditors, all of whom are unsecured, with a total sum owing of $95,036.72. These debts are almost entirely the result of student loans used to finance his medical education. The total value of debtor's assets are $1,835.00, all of which are exempt under state law. The confirmed plan required the debtor to pay $81.00 every other week for a period of 60 months. At the conclusion of the payments, Dr. Sanabria will have paid 10% of the outstanding claims.

A district court, sitting as a court of review over a bankruptcy court's proceedings, must accept the court's findings of fact as true unless they are clearly erroneous. *In re Morrissey*, 717 F.2d 100 (3d Cir.1983). As to questions of law, however, there is no presumption of correctness. *Matter of Supreme Plastics*, 8 B.R. 730 (N.D.Ill.1980); *In re Jim Kelly Ford of Dundee, Ill.*, 14 B.R. 812 (N.D.Ill.1980). Confirmation of plans is expressly included in the "core proceedings" of the bankruptcy court, 28 U.S.C. § 157(b)(2)(L), and as such is subject to the clearly erroneous rule.

Debtor filed his petition under Chapter 13 of the bankruptcy code and not under Chapter 7. We note two major differences between the two petitions. First, a Chapter 13 petition permits the debtor to make payments out of future income over a three to five year period rather than surrender all non-exempt assets to make payments as is required by Chapter 7. *See Flygare v. Boulden*, 709 F.2d 1344, 1346, (10th Cir. 1983); 11 U.S.C. § 701–28. Second, government insured student loans are not dischargeable under Chapter 7, but are dischargeable under Chapter 13. 11 U.S.C. § 1328(a); *see also In re Estus*, 695 F.2d 311 (8th Cir.1982).

Because of these significant differences (and others) the filing and acceptance of a Chapter 13 bankruptcy petition must meet several statutory requirements. *See* 11 U.S.C. § 1325. Among these are that the plan be filed in good faith, *id.* at § 1325(a)(3), and that, in no event, should the creditors receive less than they would have received had the petition been filed under Chapter 7. *Id.* at § 1325(a)(4). Additionally, courts have read the section's good faith requirement as a means to "prevent debtor abuse of Chapter 13," *In re Jonson*, 17 B.R. 78 (S.D.Ind.Bkrtcy 1981), and to prevent debts which would not be discharged under Chapter 7 from being discharged under Chapter 13. *See* 11 U.S.C. § 1325(a)(5); *see also In re Johnson*, 36 B.R. 67 (S.D.Ill.Bkrtcy 1984). Courts have been particularly cautious in cases involving a high proportion of unse-

cured creditors and government insured loans. *E.g., In re Kitchens,* 702 F.2d 885, 889 (11th Cir.1983); *In re Estus,* 695 F.2d 311, 317 (8th Cir.1982).

The Seventh Circuit has expressed several concerns the bankruptcy court should address in assessing whether a plan has been proposed in good faith. *In re Rimgale,* 669 F.2d 426 (7th Cir.1982). Fundamentally, the court stressed that the debtor's plan propose "meaningful payments to unsecured creditors," *id.* at 432, and that the payments demonstrate a "fundamental fairness in dealing with one's creditors." *Id.* at 432–33.

Consistent with the Seventh Circuit's position is *Flygare v. Boulden,* 709 F.2d 1344 (10th Cir.1983) which articulated specific factors to consider in assessing good faith. Among the applicable factors were: "(1) the amount of proposed payments and the amount of the debtor's surplus; (2) the debtor's employment history, ability to earn and likelihood of future increases in income; (3) the probable or expected duration of the plan; ... (4) the type of debt sought to be discharged and whether such debt is non-dischargeable in Chapter 7; (5) the existence of special circumstances such as inordinate medical expenses; and ... (6) the motivation and sincerity of the debtor in seeking Chapter 13 relief." *Id.* at 1348.

█ The record demonstrates that Dr. Sanabria did not file his plan in good faith and therefore his plan should not have been confirmed. Even a cursory examination of the above mentioned factors reveals that the debtor's plan was not made in good faith. The debtor's surplus income (his take home pay less his normal expenses), depending on the calculation, either exceeds or is equal to the amount of the monthly payment of the plan ($175.00/$162.00 according to Heritage; $175.00/$175.00 according to Dr. Sanabria). The future earning capacity of Dr. Sanabria is certain to increase, perhaps substantially, with no corresponding increase in payments. Because the plan is to run 60 months, his ability to pay increases from future income becomes more significant over time. Furthermore, because this pro-

ceeding was filed under Chapter 13, payable out of future income, the extent of future income is increasingly relevant. The loans are completely unsecured, and being almost wholly government insured, are non-dischargeable under Chapter 7. There is no evidence of any special, or inordinate expenses on the part of Dr. Sanabria. *E.g., Matter of Bellgraph,* 4 B.R. 421 (Bkrtcy.W.D.N.Y.1980) (disabled mother of seven saving home from foreclosure). Indeed, debtor is unmarried and has no extraordinary family expenses. The motivation and sincerity of debtor in filing a Chapter 13 bankruptcy is at least suspect given that the petition was filed within one month of his completion of medical school and after little or no attempt to come to terms with his creditors. No creditor filed suit against Dr. Sanabria and there is no evidence of harassment or undue pressure. In short, even the most cursory examination of these factors reveals that the debtor's petition was not filed in good faith and Heritage's objections should have been sustained. The bankruptcy court's confirmation of this plan was clearly erroneous and in error.

This case is remanded for the bankruptcy court's further consideration. 28 U.S.C. § 158(c).

IT IS SO ORDERED.