### In re HOWARD NATIONAL CORPORATION, Debtor.

### CEMCO, INC., Appellant,

### v.

### HOWARD NATIONAL CORPORATION, Lawrence Cooper, Trustee, and Richard E. Nathan, Appellees.

#### No. 86 C 6541.

United States District Court, N.D. Illinois, E.D.

Jan. 23, 1987.

William L. Needler & Assoc., Chicago, Ill., for Cemco.

Glenn R. Heyman, Dannen, Crane, Heyman & Haas, Chicago, Ill., for Richard Nathan.

James Karras, Chicago, Ill., for Howard Nat. Corp.

Lawrence Cooper, Chicago, Ill., for trustee.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This appeal by Cemco, Inc. ("Cemco"), a creditor of the debtor's estate, concerns the May 16, 1985, and June 27, 1986, orders of Bankruptcy Judge Schwartz declaring that the debtor, Howard National, the bankrupt- cy estate, and the trustee, Lawrence Cooper have no right, title or interest in and to a certain installment note, known as the "Westernaire Note" (the "Note"). Cemco contends that the subject matter jurisdiction of the Bankruptcy Court was not properly invoked. For the reasons stated herein, the order of the Bankruptcy Court is vacated and the case is remanded for proceedings consistent with this Opinion.

## FACTS

The Note in question, in the face amount of $4,230,000.00, known as the "Westernaire Note," and all security for the Note was owned by Howard National until November 3, 1981, when it assigned the Note to Richard Nathan in satisfaction of a previous $140,000.00 debt due from Howard National to Nathan. On the same date, Nathan endorsed the Note to a certain Fred Ruffolo, to whom Howard National also owed money, in exchange for $100,-000.00 in cash. The letter agreement between Nathan and Ruffolo states that the Note is transferred to Ruffolo "as trustee."

On May 14, 1985, Nathan filed an "Application to Direct Trustee to Disclaim Interest in Westernaire Limited Partnership Note and Related Documents" with the Bankruptcy Court. The debtor's attorney and the trustee in bankruptcy appeared before the Bankruptcy Court at a hearing on May 16, 1985, and stated that they had no objection to entry of the proposed order that Nathan had tendered to the court, which found that the bankruptcy estate had no interest in the Note. Based on these representations, Judge Schwartz signed an order declaring that the debtor, the bankruptcy estate and the trustee in bankruptcy have no right, title, or interest in and to the Westernaire Note, and that Fred Ruffolo, as trustee, is the legal holder and owner of the Note.

On June 3, 1985, Cemco requested the Bankruptcy Court to vacate its May 16, 1985 decision. The Court denied Cemco's motion to vacate. On July 5, 1985, Cemco

filed an appeal with this Court. On March 28, 1986, Judge Nicholas J. Bua issued an opinion remanding the case to the Bankruptcy Court for reconsideration of its order after further discovery and a new hearing on the debtor's interest in the Westernaire Note. Judge Bua held that:

> The creditors of the bankruptcy estate will be substantially harmed if Howard National did indeed have an interest in the Westernaire note on the date it filed its bankruptcy petition. Because of this, the bankruptcy court should not have entered the order, despite the trustee's agreement, without an opportunity for reasonable discovery and a fuller hearing on the debtor's interest in the Westernaire Note. The case is therefore remanded so that the bankruptcy court may reconsider its order after discovery and a new hearing.

85 C 8292, Mem. op.d (N.D.Ill. March 28, 1986).

Judge Schwartz ordered Cemco to file a response to Nathan's "Application," and a hearing was set for June 10, 1986, with discovery cut-off on June 2 (later extended to June 9 on Cemco's motion). At the hearing on June 10,[1] documents were submitted into evidence and the Court heard the testimony of Mr. Nathan. Mr. Nathan was questioned by the Court and was cross-examined by the attorney for Cemco. At the conclusion of Mr. Nathan's testimony, the Court found there to be no reason to vary the provisions of its May 16 decision and entered an order on June 27, 1986 "ratifying approving, and confirming" its May 16 decision. Presently before this Court, is Cemco's appeal from this order.

## DISCUSSION

This Court sits as an appellate court for the decisions of the Bankruptcy Court. Bankruptcy Rule 8013. A district court, sitting as a court of review over a Bankruptcy Court's proceedings, must accept the court's findings of fact as true unless they are "clearly erroneous." *Id.* As to questions of law, however, there is no "presumption of correctness" and the district court is not restricted in reviewing the Bankruptcy Court's findings. *In re Sanabria* 52 B.R. 75, 76 (N.D.Ill.1985). *See also Matter of Evanston Motor Co., Inc.,* 735 F.2d 1029, 1031 (7th Cir.1984). With these principles in mind, the Court turns to the substantive allegations of Cemco's appeal.

■ Cemco sets out several arguments which, it contends, warrant reversal of Judge Schwartz's order.[2] In this Court's

---

1. On June 10, 1986, the attorney for Cemco indicated that he was not ready for hearing. Judge Schwartz refused to further extend the time for discovery and hearing.

2. Cemco presents the following issues for review:

    1. Whether the Bankruptcy Court, in its orders dated May 16, 1985 and June 27, 1986 (i) erred in declaring that Howard National, debtor, as of the date of the petition, did not and does not have an interest in and to a note dated May 22, 1978 in the sum of $4,230,000, payable to the Bearer and of which the American National Bank and Trust Co. of Chicago, as trustee under trust agreement dated August 12, 1977 and known as trust no. 41116, is the maker and which note is commonly known as the Westernaire Limited Partnership Note; (ii) erred in declaring that on January 1, 1982 Fred Ruffolo was the holder and owner of said note, and (iii) erred in declaring that Lawrence Cooper, trustee, has no right, title, and interest in and to said note or the security therefor.

2. Whether the Bankruptcy Court erred in failing to give sufficient time for discovery to Cemco, so that it could complete its investigations, pursuant to this Court's order of remand.

3. Whether the Court erred in affirming and ratifying its order of May 16, 1985.

4. Whether the Application of Richard E. Nathan is sufficient to sustain the findings in the court's order of May 16, 1985 and June 27, 1986.

5. Whether Richard Nathan carried his burden of proof at the hearing of June 10, 1986 and established the allegations of his Application and the findings of the Bankruptcy Court in its orders of May 16, 1985 and June 27, 1986.

6. Whether the burden is on Nathan to establish a prima facie case proving the allegations of his Application before it is necessary for Cemco to prove its objections.

7. Whether Applicant Richard E. Nathan has status to request this Court to declare that the estate has no interest and that Fred Ruffolo is the bona fide holder.

view, the proper starting point is the correctness of the Bankruptcy Court's finding that it had jurisdiction to rule on Nathan's "Application." Cemco argues, and the Court agrees, that Judge Schwartz had no authority to enter the May 16, 1985 order.[3]

■ "Bankruptcy courts are courts of limited jurisdiction whose power to act must be found expressly or impliedly in the Bankruptcy Act." *Matter of Paso Del Norte Oil Co.*, 755 F.2d 421, 423–24 (5th Cir.1985). Here, there was no basis for the Bankruptcy Court's power to enter the May 16 order because Nathan did not properly invoke the Court's jurisdiction. Clearly, what Nathan wanted to do was to clear title to the Westernaire Note by getting the Court to declare that neither the debtor's estate nor the trustee in bankruptcy had an interest in the Note.

Judge Schwartz purports to do no more than rule on Nathan's "Application to Direct the Trustee to Disclaim His Interest." However, under the Bankruptcy Act or Code, there is not now, nor has there ever been, a separate procedure to compel a trustee to "disclaim" his interest in estate property. The only way Judge Schwartz could properly determine the estate's interest in the Westernaire Note, would be pursuant to 11 U.S.C. § 554 or to Bankruptcy Rule 7001.

Section 554 of the Code enables a trustee in bankruptcy to "abandon" estate property in certain circumstances. The party bringing the motion, usually the trustee, must show that the property is of "inconsequential value" to, or is "burdensome" to, the estate. 11 U.S.C. § 554(a). Bankruptcy Rule 7001 allows a person to bring an "adversary proceeding" in Bankruptcy Court to obtain a declaratory judgment with respect to "the validity, priority or extent of a lien or other interest in property." It appears that Nathan's "Application" is nothing more than a procedurally defective declaratory judgment or abandonment action, masked as a so-called "disclaimer of interest."

■ A "disclaimer of interest" action does not exist apart from an abandonment of property under Section 554 of the Code. *See* 4A *Collier on Bankruptcy*, ¶ 70.23 at p. 501. Even if the Court were to find that Nathan's "Application" was intended to be an action for abandonment, it would nonetheless be required to vacate the Bankrupt-

---

8. Whether Nathan's Application and affidavit is materially false and misleading and cannot support the orders of the Bankruptcy Court.

9. Whether Nathan's false statements and misleading pleadings, briefs and arguments have wantonly protracted this litigation and caused Cemco harm.

10. Whether Nathan improperly invoked the jurisdiction of this Bankruptcy Court and whether the Bankruptcy Court is without authority to enter orders on Nathan's Application.

11. Whether the Bankruptcy Court's orders are attempts to settle ownership of the Westernaire note in persons not before the court, which is clearly beyond the authority competence and power of the Bankruptcy Court.

12. Whether the Westernaire partners could rely on the Bankruptcy Court's order in their purchase of the Westernaire note, when the Bankruptcy Court's order of May 16, 1985 was not final.

13. Whether Nathan is a stranger to the bankruptcy proceedings and has no status before the Court.

14. Whether the hearing of June 10, 1986, held over Cemco's objection, was improper, arbitrary and resulted in foreclosing Cemco in derogation of amendment V of the United States Constitution providing for fair hearing and due process.

15. Whether the preliminary offers of proof herein establishes a prima facie case that the Karras family has a beneficial interest in the Westernaire note or its proceeds and this interest is constructively held for the benefit of Debtor, Howard National Corporation.

3. Nathan argues that Cemco is barred from asserting the issue of jurisdiction. Nathan contends that because Cemco briefed the jurisdiction issue in its first appeal, before Judge Bua, and because Cemco did not appeal Judge Bua's order (which did not direct Judge Schwartz to remedy any jurisdictional defects) to the Seventh Circuit, that Cemco cannot reassert the issue now. This Court disagrees. Jurisdictional defects ordinarily cannot be waived in federal proceedings, including bankruptcy proceedings, and may be raised by any party or by the court at any time. R. Ginsberg, *Bankruptcy*, ¶ 1121 at p. 1032 (Prentice-Hall 1985).

cy Court's decision due to procedural defects. The Bankruptcy Code specifies under what conditions, notice and manner property may be abandoned.

■ Bankruptcy Rule 6007 requires that reasonable notice must be given to *all* creditors of a motion to abandon property so that they have an opportunity to object or approve. There was no such notice provided here. Moreover, the Court finds that the May 16, 1985 order goes far beyond the power of a Bankruptcy Court in a simple abandonment action in attempting to settle ownership of the Westernaire Note.

> The process of abandonment permitted by Code § 554 does not include a determination by the trustee or the court of the various competing interests in the property that is abandoned to the debtor. The effect of § 554 abandonment does not determine who has title to the property, or the validity of liens or interests in the property, nor may a court or trustee specify to whom the property is to be abandoned other than to the debtor. The only determination made by the trustee and the court in the § 554 abandonment process is that the property is (1) burdensome to the estate or (2) of inconsequential value.... The determination of competing claims to the abandoned property must be made by the state courts after abandonment, via adversary proceeding procedure under Bankruptcy Rule 7001 through motion procedure under Bankruptcy Rule 9014 for the recovery of property or under Bankruptcy Rule 7001(2) for determination of priority of liens.

2 Norton, *Bankr.L. & Prac.* § 39.01 at p. 39 (1981).

Furthermore, it is clear that the Bankruptcy Court could not have intended its May 16 order to be a declaratory judgment, settling the extent of the estate's interest in the Westernaire Note, pursuant to the Bankruptcy Rule 7001. An adversary proceeding is literally a trial within a bankruptcy case, and is handled in a procedure quite similar to the way most federal civil trials are resolved. R. Ginsberg, Bankruptcy, ¶ 1501 at pp. 1057–58. Here, Nathan never even filed a complaint in Bankruptcy Court.

Nathan argues that any "irregularities" in the Bankruptcy proceedings are cured by the fact that the debtor's attorney and the trustee in bankruptcy consented to the Bankruptcy Court's jurisdiction and order. This assertion is ludicrous. Jurisdiction cannot be conferred on a federal court by the consent of the parties.[4] Ginsberg, ¶ 1121 at p. 1032.

In sum, the Court finds that there is no specific statutory authority for the Bankruptcy Court's May 16, 1985 order.[5] Accordingly, the Bankruptcy Court's Order is vacated and this case is remanded so that the Bankruptcy Court may reconsider its order after a proper adversary or abandonment proceeding has been held.[6]

---

**4.** There is a narrow exception to this general rule carved out in bankruptcy courts where jurisdiction may be conferred by consent of the parties. Pursuant to 28 U.S.C. § 157(a)(2), the district court "with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge." Clearly, this exception is inapplicable here.

**5.** As the Court finds that Judge Schwartz had no authority to enter the May 16, 1985 order, it need not reach Nathan's remaining arguments urging it to vacate the Bankruptcy Court's decision.

**6.** At this time the Court issues no opinion as to the Bankruptcy Court's findings of fact. However, the Court notes that there appears to be some evidence that Howard National retained a beneficial interest in the Westernaire Note. Hence, in any further proceedings, the Bankruptcy Court should allow the creditors an opportunity for reasonable discovery and a full hearing, including the testimony of *all* interested parties (e.g. Mr. Ruffolo), on the debtor's interest in the Westernaire Note.