**Constantine John GEKAS, Trustee of Met–L–Wood Corp., Debtor, Plaintiff/Appellant,**

**v.**

**MET–I–WOOD CORPORATION, et al., Defendants/Appellees.**

**Nos. 84 B 15506, 86 A 1004 and 87 C 5793.**

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1987.

Michael A. Braun, Craig P. Ehrlich, Braun & Rivkin, Ltd., Chicago, Ill., for Gerald Thompson and MLW Products, Inc.

Constantine John Gekas, Adrianne S. Harvitt, Harvitt & Gekas, Ltd., Chicago, Ill., for plaintiff Gekas, trustee.

William L. Schaller, William J. Linklater, Andrew Boling, Baker & McKenzie, Chicago, Ill., for Stephen M. Slavin.

Joseph M. Vallowe, C. Barry Montgomery, Williams & Montgomery, Ltd., Chicago, Ill., for Coffield, Ungaretti, Harris & Slavin.

Jeffrey C. Blumenthal, Richard G. Schultz, Foran, Wiss & Schultz, Chicago, Ill., for American Nat. Bank and Trust Co. of Chicago.

Fruman Jacobson, Jon G. Furlow, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for Moramerica Capital Corp.

Dani A. Zazove, Steven Towbin, Towbin & Zazove, Ltd., Chicago, Ill., for Met–L–Wood.

John Powers Crowley, Matthew F. Kennelly, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Ltd., Chicago, Ill., for Pipin Industries, Inc. and Frederic L. Pipin.

## MEMORANDUM ORDER

KOCORAS, District Judge:

Plaintiff-appellant Constantine John Gekas ("Trustee"), Trustee in Bankruptcy of debtor Met–L–Wood Corporation ("Met–L–Wood"), is appealing the May 19, 1987 dismissal of Bankruptcy Adversary Action No. 86 A 1004 and the First Amended Complaint therein by the Honorable David A. Coar of the United States Bankruptcy Court. For the following reasons, the decision of the bankruptcy court is affirmed.

### FACTS

Debtor Met–L–Wood was a Chicago corporation engaged in the production of laminated trailer doors and partitions, and was part of a group of corporations controlled by Frederick L. Pipin. On December 6, 1984, Met–L–Wood filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code. The filing came after Met–L–Wood's secured creditors, American National Bank ("ANB") and Moramerica Capital Corporation ("Moramerica"), had declared their loans to Met–L–Wood to be in default and scheduled a public foreclosure sale for December 10, 1984, and after a group of of Met–L–Woods' unsecured creditors threatened to file an involuntary bankruptcy petition against Met–L–Wood.

On Friday, December 7, 1984, Met–L–Wood, ANB and Moramerica filed and served a joint emergency motion which scheduled a hearing before the Honorable Charles B. McCormick, the bankruptcy judge to whom the case had been randomly assigned, early on the next court day, Monday, December 10. The hearing was requested to determine whether the previously scheduled public sale of assets could go forward later that same day. Judge

McCormick granted the motion following the hearing, at which the group of unsecured creditors was represented by counsel.

The auction was conducted as scheduled on December 10th, and the sale of assets was approved by the bankruptcy court the next day, December 11th. The sale was closed on December 12th.

The sale and the subsequent order are the main focus of Trustee's complaint in this case. On July 31, 1986, Trustee and a committee of unsecured creditors of Met–L–Wood ("the Creditors' Committee") filed a joint motion in bankruptcy court requesting that the court set aside, based on alleged "fraud upon the court"[1] under Federal Rule of Civil Procedure 60(b) and Bankruptcy Rule 9024, Judge McCormick's December 11, 1984 order approving the sale. Judge McCormick converted the joint motion into an adversary proceeding.

The defendants eventually moved to dismiss the joint motion. Bankrupty Judge Coar[2] granted the defendants' motion on February 27, 1987, and made contemporaneous oral findings of fact and conclusions of law. Judge Coar first found that the Rule 60(b) Joint Motion was untimely because it was filed one year and seven months after entry of the December 11, 1984 order approving the sale of assets by Met–L–Wood, well outside of the one-year limitation of Rule 60. Second, the court ruled that the complaint was insufficient and failed to state a claim upon which relief could be granted. The court noted that it construed the complaint in the light most favorable to the Trustee and the Creditors' Committee, but that they had "not demonstrated to the Court that they could allege facts which would cure the complaint's deficiencies." February 27, 1987 Transcript at 6.

Trustee and the Creditors' Committee thereafter moved for leave to file an amended complaint with the bankruptcy court. The defendants filed memoranda opposing the motion. Judge Coar treated the memoranda as motions to dismiss the amended complaint, a procedural posture that he considered to be the "most manageable." May 1, 1987 Transcript at 4. After explaining his reasons for dismissing the amended complaint, Judge Coar stated:

I am going to deny the motion for leave to file the first amended complaint. And in doing so, to the extent that it was not clear the first time, let me make it clear this time that ... I am treating this as a motion to dismiss the first amended complaint. And I am dismissing the action this time.

There is no further—there is no right to file additional amendments.

May 1, 1987 Transcript at 7. The Trustee then appealed to this Court.

## DISCUSSION

This Court sits as an appellate court for the decisions of the bankruptcy court. Bankruptcy Rule 8013. As such, a district court must accept the bankruptcy court's findings of fact as true unless they are "clearly erroneous." *Id.* Questions of law, however, are subject to *de novo* review. *In re Sanabria*, 52 B.R. 75, 76 (N.D. Ill.1985); *see also Matter of Evanston Motor Co., Inc.*, 735 F.2d 1029, 1031 (7th Cir. 1984).

Only in limited circumstances should a court take the extraordinary step of setting aside a confirmed judicial sale in bankruptcy. *In the Matter of Whitney–Forbes*, 770 F.2d 692, 695–96 (7th Cir.1985); *In the Matter of Chung King, Inc.*, 753 F.2d 547, 549 (7th Cir.1985). While the presence of fraud occasionally may justify such a step, those occasions are strictly limited by Fed-

---

1. On April 25, 1986, Trustee filed a complaint in this district against several defendants, including ANB, Moramerica, Pipin, Gerald Thompson, Tom Smith (one of the bidders at the December 10, 1984 auction), and their respective companies for violations of federal bankruptcy and racketeering laws, as well as Illinois statutory and common law, all stemming from the December, 1984 sale to Thompson. The case was assigned to Judge Bua (No. 85 C 2886) and motions to dismiss are currently pending. The defendants in case no. 85 C 2886 intervened in the adversary action in the bankruptcy court.

2. The *Met–L–Wood* case was eventually assigned to Bankruptcy Judge Coar following Judge McCormick's retirement from the bench.

eral Rule of Civil Procedure 60. Bankruptcy Rule 9024 makes Rule 60 applicable to bankruptcy cases. 11 U.S.C. Rule 9024. The relevant portions of Rule 60 read as follows:

> (b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reasons justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court.

■ Rule 60 makes it clear that if the basis for the requested relief is fraud, misrepresentation, or other misconduct by an adverse party, then the motion must be made no more than one year after judgment was entered. The one-year limitation of Rule 60(b) does not apply, however, under those rare circumstances where there has been a "fraud upon the court." Fraud upon the court

> involves a particular type of fraud which is "directed to the judicial machinery itself" ... and which involves circumstances where the impartial functions of the court have been directly corrupted.... The cases where it has been found have involved the most egregious conduct involving "corruption of the judicial process itself," ... such as bribery of a judge and improper influence with the court.

*Whitney–Forbes*, 770 F.2d at 698 (citations omitted). It is possible, of course, to have fraud between the parties without there being a fraud upon the court.

Due to the seriousness of the accusation, the pleading requirements for fraud are stricter than are the requirements for most other types of claims. Rule 9(b) requires that "the circumstances constituting fraud or mistake ... be stated with particularity" by the complaining party. When a party seeks to impeach an order of a court, it bears "a heavy burden both of particularized pleading and of proof." *Kenner v. Commissioner of Internal Revenue*, 387 F.2d 689, 691 (7th Cir.), *cert. den.*, 393 U.S. 841, 89 S.Ct. 121, 21 L.Ed.2d 112 (1968). The movant must set forth specific facts impugning the official record. *Id.* A statement of "clear and convincing probative facts" is necessary for a Rule 60(b) motion to be sufficient. *DiVito v. Fidelity and Deposit Company*, 361 F.2d 936, 939 (7th Cir.1966).

Although much time was spent by the parties arguing other points, the real issue in this case is fairly straightforward: whether the Trustee made allegations in the bankruptcy court sufficient to state a claim for fraud upon the court. Trustee argues that the amended complaint was sufficient and that the decision of the bankruptcy court should be reversed, the adversary action reinstated, and the case remanded for further proceedings. The court below, however, twice ruled that the Trustee did not state a claim, and this Court agrees with those rulings.

The Trustee's amended complaint does not make the particularized showing of clear and convincing probative facts necessary to satisfy the pleadings requirements for the narrow claim of fraud upon the court. The doctrine has been limited to cases where "the impartial functions of the court have been directly corrupted." This usually involves bribery or improper influence with the court. *Whitney–Forbes*, 770 F.2d at 698. The amended complaint fails to allege sufficiently this type of fraud.

■ Trustee's allegation that "someone improperly contacted Judge McCormick, either personally or through his staff, and obtained a scheduling of a motion" (Amended Complaint at ¶ 55) is insufficient to allege fraud on the court, either when viewed by itself or in relation to the other allegations contained in the complaint. Rule 9(b) and the relevant case law require more than such a vague, general allegation. There is no indication from the complaint that this possible *"ex parte* communication"* concerned the merits of the case, or anything more than the scheduling of a hearing for December 10, 1984. It does not even allege with certainty that the judge was personally spoken with about scheduling the hearing.

The Trustee claims in ¶ 53 of the amended complaint that Nachman, Munitz & Sweig, Ltd. ("the Nachman firm"), the law firm that represented ANB, had engaged "in a series of *ex parte* and improper contacts with Judge McCormick in at least one other case pending before him." In his brief filed with this Court, Trustee explains that he is referring to the situation detailed in *In re Wisconsin Steel Corp.,* 48 B.R. 753 (N.D.Ill.1985). He contends that due to the involvement of Judge McCormick and the Nachman firm in *Wisconsin Steel,* "the inference of more serious improprieties certainly exists" here.

This argument is unavailing. *Wisconsin Steel* is entirely unrelated to the present case and the situation there does not create an inference that improprieties exist here. Furthermore, it is this type of vague accusation that the pleading requirements for fraud are meant to discourage. If the reference to *Wisconsin Steel* was meant to suggest some "improper influence with the court," then it was clearly an insufficient method of so doing.

The complaint does not allege that the defendants made affirmative misrepresentations to the court, despite the Trustee's current arguments to the contrary. The complaint clearly alleges that the defendants' plan was never disclosed to Judge McCormick. Mere failures to disclose facts, while certainly not laudable, do not constitute fraud of the type necessary to state a claim for fraud upon the court. *See e.g. M.W. Zack Metal Co. v. Int'l Navigation Corp.,* 675 F.2d 525, 529 (2nd Cir. 1982); *Kerwit Medical Products, Inc. v. N & H Instruments, Inc.,* 616 F.2d 833, 837 (5th Cir.1980); *Budge v. Post,* 544 F.Supp. 370, 377 (N.D.Tex.1982); *United States v. Int'l Telephone & Telegraph Co.,* 349 F.Supp. 22, 29 (D.Conn.1972), *aff'd mem. sub nom. Nader v. United States,* 410 U.S. 919, 93 S.Ct. 1363, 35 L.Ed.2d 582 (1973).

The Trustee contends that the outcome of this case is controlled by *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). The Court disagrees. *Hazel–Atlas* is viewed by some to be an extreme and perhaps unjustified application of the fraud upon the court doctrine. *See e.g. USM Corp. v. SPS Technologies, Inc.,* 694 F.2d 505 (7th Cir.1982); 7 Moore & Lucas, Moore's Federal Practice 512–13 (2nd ed. 1982); 11 Wright & Miller, Federal Practice and Procedure 2870, at pp. 255–56 (1973). Furthermore, the situation there was more outrageous than the one found here. There was no question of the sufficiency of the pleadings in *Hazel–Atlas.* "[I]ndisputable proof of the ... facts" was brought out in an antitrust prosecution which took place subsequent to the entry of judgment for Hartford in the original civil patent case. *Hazel–Atlas,* 322 U.S. at 243, 64 S.Ct. at 1000. One of Hartford's attorneys had secretly written an article proclaiming the uniqueness and importance of the device that was the subject of the patent action, and had persuaded an ostensibly neutral and expert third-party to sign the article as his own.• The attorney then induced the Court of Appeals to rely on the article in reaching its decision. Hazel-Atlas, the party that moved for the judgment to be vacated, presented "conclusive" evidence of this to the Court, clearly stating a claim, and the motion was decided based on the pleadings, exhibits and affidavits of the parties. The present case is entirely different. The complaint does not allege that the lawyers made misrepresentations to the bankruptcy court. There is certainly no "indisputable proof" of what is alleged.

The Trustee has not even alleged facts sufficient to state a claim. *Hazel–Atlas* therefore cannot be said to control the outcome here.

## CONCLUSION

The doctrine of fraud upon the court is narrow and limited in scope. Not every allegation of fraud rises to the level of a fraud upon the court. A complaint may state a claim for fraud between the parties, yet still fail to state a claim for a fraud upon the court. Fraud upon the court must be pled with the requisite specificity. The bankruptcy court found that the Trustee's joint motion and amended complaint failed to state a claim for fraud upon the court, and after reviewing the pleadings this Court finds no reason to reverse those decisions. Accordingly, the decision of the bankruptcy court is affirmed.[3]

---

**3.** Because the decision of the bankruptcy court is affirmed, the Court declines to rule on the other issues raised by the defendants in their briefs.